**Julie C. THORSON, Appellant,**

v.

**LARSON MANUFACTURING COM-
PANY, INC. and Atlantic Mutu-
al Companies, Appellees.**

No. 03–0328.

Supreme Court of Iowa.

May 12, 2004.

As Amended on Denial of Rehearing
July 9, 2004.

Mark S. Soldat, Des Moines, for appel-
lant.

Jeffrey W. Lanz of Huber, Book,
Cortese, Happe & Lanz, P.L.C., Des
Moines, for appellees.

LARSON, Justice.

Julie Thorson, an employee of Larson
Manufacturing Company, Inc., filed work-
ers' compensation claims against her em-
ployer and, as a part of her case, attempt-
ed to use a medical report from a Dr. Ban.
The hearing deputy excluded the report
because it was untimely under a prehear-
ing order entered by the workers' compen-
sation commissioner. On judicial review,
the district court affirmed the exclusion of
the report except for its possible use on
rebuttal. Thorson appealed, claiming the
report should have been admitted in her
case in chief. The employer and its insur-
ance carrier, Atlantic Mutual Companies,
(collectively Atlantic Mutual) cross-appeal-
ed, claiming the report was inadmissible
for any purpose, including rebuttal. We
hold the industrial commissioner erred in
excluding the report, reverse the district
court, and remand to the commissioner.
In view of this disposition, we do not ad-
dress the cross-appeal issue.

**I. *Facts and Prior Proceedings.***

On June 29, 2000, the industrial commis-
sioner entered a hearing assignment order
that included a paragraph entitled "Case
Preparation Completion Dates." Under
that paragraph,

> [c]laimant shall complete case prepara-
> tion, including discovery and responses,
> 60 days prior to the backup hearing

date, or the primary hearing date if the case is not at the backup time. Defendant(s) shall complete case preparation, including discovery and responses, 30 days thereafter. These completion dates supersede Iowa Rule of Civil Procedure 125(c) [now 1.508(3)]. When admissibility of evidence is disputed, the completion date for case preparation will be enforced under a prejudice standard.

Under the provisions of this "sixty day" order, Thorson was required to "complete [her] case preparation, including discovery and responses," sixty days before the hearing date. The hearing date was set for November 21, 2000, so the case-completion deadline was September 22, 2000. Thorson did not provide the report by Dr. Ban within that time; in fact, Dr. Ban had not even examined Thorson by the case-completion deadline. The commissioner excluded the Ban report as untimely under this order.

Thorson argues that the sixty-day provision of the scheduling order is invalid for several reasons: the provision is ambiguous; it was merely an order, which had never been formally adopted as an agency rule; and it conflicted with a formal agency rule providing a timetable for the exchange of exhibits.

## II. *The Ambiguity Argument.*

Under Thorson's argument, the lack of definitions in the sixty-day order renders it too ambiguous to be enforced because it is a "guess" as to whether "preparation" means that all exhibits and witnesses have to be compiled and prepared 60 days before hearing or whether a party merely has to be prepared enough to "list" what the "proposed" exhibits will be.

It is true these terms provide little guidance to parties attempting to comply with the sixty-day order, but there are more fundamental problems with the order: first, it conflicts with another provision of the same prehearing order that only requires a party to *list* exhibits—not to provide the exhibits themselves. That paragraph is entitled "Witness and Exhibit Lists" and sets out specific requirements for the exchange of information in advance of the hearing:

> Unless otherwise agreed in writing, a party shall serve a *list* of proposed witnesses and exhibits to be offered into evidence at hearing upon opposing parties on or before the serving party's case preparation completion date. Additional witnesses or exhibits may be allowed by the presiding deputy only if it is shown that a party is not unfairly surprised by their introduction into evidence.

(Emphasis added.) The juxtaposition of this paragraph and the "sixty day" paragraph in the same order creates confusion about what has to be furnished by the case-completion date—a listing of the exhibits and witnesses or delivery of the exhibits themselves. Second, the order fails to clearly override a formal agency rule regarding prehearing production of evidence—an issue we address in Division IV.

## III. *Lack of Formal Rule Status.*

The claimant contends the sixty-day order is not a validly enacted agency rule, but is only an order of the commissioner. Atlantic Mutual does not contend the sixty-day order is itself a validly enacted rule; it does, however, contend the order is based on a valid exercise of the scheduling authority granted to the commissioner under a formal rule, Iowa Administrative Code rule 876–4.19, which states:

> The workers' compensation commissioner may provide for a calendar for prehearing procedures which may extend to all contested cases or be limited to any

type or class of such cases as may be prescribed.

We agree with Thorson that the commissioner's power to enter scheduling orders is not so extensive as to allow the commissioner, by an order lacking the status of a formally adopted rule, to override a specific agency rule regarding the exchange of hearing exhibits—an issue that we discuss later.

In a related argument, Atlantic Mutual defends the exclusion of the Ban report as being within the commissioner's discretion. Thorson responds that it is not an issue of discretion because the commissioner's exclusion of the report in this case was an error of law, and we agree.

## IV. *Conflict With a Formal Rule.*

We conclude the exclusion of the report on the basis of the sixty-day requirement was improper for another reason—it is unclear whether the hearing assignment order changed the deadlines of a specific workers' compensation rule under which

[e]ach party to a contested case shall serve all ... medical records and reports concerning the injured worker in the possession of the party upon each opposing party not later than 20 days following filing of an answer or, if not then in possession of a party, within ten days of receipt.

Iowa Admin. Code r. 876–4.17. Although rule 876–4.18 allows the commissioner to change the deadline to exchange medical records or reports by order, the language used by the commissioner in its hearing assignment order clearly fails to notify the parties the hearing assignment order was changing the deadlines established by rule 876–4.17. Iowa Admin. Code r. 876–4.18.

As of the expiration of twenty days following Atlantic Mutual's answer, Thorson did not have possession of the Ban report. Therefore, the first part of rule 876–4.17

was inapplicable. The alternative deadline provided by that rule, ten days after receipt of the report, applies instead. Thorson's attorney received Dr. Ban's report and served it on Atlantic Mutual the same day. The requirement of rule 876–4.17 was therefore met. This formal rule controls over the commissioner's scheduling order, which, as we have noted, fails to change the deadline established by rule 876–4.17.

## V. *The Interrogatory Issue.*

Atlantic Mutual raises another ground for exclusion: Thorson failed to timely supplement her answer to Interrogatory No. 20 inquiring about her medical evidence, as required by Iowa Rule of Civil Procedure 1.508(3). That rule provides in part:

Duty to supplement discovery as to experts. If a party expects to call an expert witness when the identity or the substance of such expert witness's testimony has not been previously disclosed in response to an appropriate inquiry directly addressed to these matters, or when the substance of an expert's testimony has been updated, ... such response must be supplemented ... not less than 30 days prior to the beginning of trial except on leave of court.

Atlantic Mutual's interrogatory had asked whether

[c]laimant has obtained any medical report, opinion, or rating by any medical expert with respect to claimant's temporary or permanent disability and, if any, please state what that [rating] is and attach a true copy of same to the Answers to Interrogatories.

On September 17, 2000, Thorson served her response to this interrogatory:

To date, I have not obtained such a report, opinion, or rating, except to the

extent that restrictions which appear in the records served pursuant to Rule 876–4.17, I.A.C., may have entitled me to temporary partial benefits or healing period compensation. If I receive such reports, opinions or ratings in the future, they will be served pursuant to Rule 876–4.17, I.A.C.

As of the time Thorson answered Interrogatory No. 20, she did not have the report from Dr. Ban; her attorney received the report on October 21, 2000, and served it on Atlantic Mutual the same day. Although Atlantic Mutual complains that Thorson violated rule of civil procedure 1.508(3), Thorson notes that Atlantic Mutual failed to pose an "appropriate inquiry" as required by that rule to discover whether Thorson had consulted an expert. The interrogatory only asked whether any report had been obtained. At the time Thorson answered the interrogatory, a report had not been obtained, and when that situation changed, Thorson immediately served a copy on Atlantic Mutual.

## VI. *Conclusion.*

The report by Dr. Ban was of critical importance to Atlantic Mutual because it provided the only evidence to support Thorson's claim of a causal connection with her employment and permanency of her injuries. It was therefore essential that Atlantic Mutual obtain evidence to rebut Dr. Ban's report. After Atlantic Mutual received the Ban report, virtually on the eve of the hearing, it contacted six medical practitioners to see if an independent medical examination could be conducted. All potential experts declined because of a lack of time. Atlantic Mutual therefore lacked a meaningful opportunity to depose Dr. Ban or find other witnesses to rebut his report. Moreover, the "listing" of Dr. Ban, which Thorson claims was sufficient to give notice to Atlantic Mutual of Dr.

Ban's involvement, was so obscure it could hardly be considered fair notice. Thorson's "Exhibit/Witness" list showed, buried among literally hundreds of items listed, this vague reference to Dr. Ban: "Letter, plus response, Soldat to Dr. Ban."

The district court on judicial review noted:

> By delaying the service of Dr. Ban's report to one day before the defendants' case preparation completion date and thirty-one days before the hearing, the petitioner limited the ability of the defendants to appropriately respond to the report.... It is precisely that type of gamesmanship which the hearing assignment order is presumably intended to avoid.

Thorson is correct in asserting that, if parties to workers' compensation cases desire earlier and more detailed information, they must engage in more aggressive discovery or obtain agency rules with more teeth. It is, of course, desirable in the interest of fairness to afford sufficient detail to allow opposing parties to prepare for the hearing. Unfortunately, that did not happen in this case. Nevertheless, we conclude the commissioner erred in excluding the Ban report on the basis of the prehearing order. We therefore reverse and remand to the commissioner for reconsideration of the claim on the record already made, with the addition of the Ban report and any rebuttal evidence that the commissioner allows.

**REVERSED AND REMANDED.**