# IN THE SUPREME COURT OF IOWA

No. 77 / 05-1958

Filed December 14, 2007

**MARLY ZIECKLER,**

Appellant,

vs.

**AMPRIDE, DICKINSON COUNTY MEMORIAL HOSPITAL, MUTUAL SERVICE CASUALTY INSURANCE CO., C/O BERKLEY RISK,** and **IOWA INSURANCE GUARANTY ASSOCIATION,**

Appellees.

Appeal from the Iowa District Court for Polk County, D.J. Stovall, Judge.

Workers' compensation claimant appeals from a district court judgment affirming the workers' compensation commissioner's dismissal of her intra-agency appeal. **REVERSED AND REMANDED.**

E.W. Wilcke, Spirit Lake, for appellant.

Andrew D. Hall and Lisa R. Perdue of Grefe & Sidney, P.L.C., Des Moines, for appellees Ampride and Mutual Service Casualty Insurance Co.

Iris J. Post of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellees Dickinson County Memorial Hospital and Iowa Insurance Guaranty Association.

**HECHT, Justice**.

Marly Zieckler was awarded some, but not all, of the workers' compensation benefits she sought from her employers, Ampride and Dickinson County Memorial Hospital and their insurers (collectively, the defendants). She appealed the arbitration award to the commissioner who dismissed her appeal pursuant to Iowa Administrative Code rule 876—4.30 (2004). Zieckler sought judicial review of the agency's decision, and the district court affirmed the dismissal of the appeal. Zieckler now appeals the district court judgment affirming the workers' compensation commissioner's dismissal of her intra-agency appeal.

At the time of Zieckler's appeal, rule 876—4.30 provided:

> The appealing party shall bear the initial cost of transcription on appeal and shall pay the certified shorthand reporter or service for the transcript . . . . In the event the cost of the transcript has been initially borne by a nonappealing party prior to appeal, the appealing party or parties within 30 days after notice of appeal or cross-appeal shall reimburse the cost of the transcript to the nonappealing party and if not so reimbursed the appeal shall be dismissed.

## I.  The Agency Proceedings.

The hearing officer, following the arbitration hearing, requested that the defendants furnish a transcript of the hearing to aid her in drafting the arbitration award. One of the defendants ordered the transcript and paid for it. Zieckler did not reimburse the defendant within thirty days of the appeal, as required by rule 876—4.30, and the defendants moved to dismiss the appeal. Zieckler, who claimed she did not know the amount of the bill or even who had paid it prior to the filing of the motion to dismiss, offered to reimburse the defendants, but they refused to accept payment.

The commissioner dismissed Zieckler's appeal, observing that

> [n]othing in the rule requires that the party who initially paid the cost of the transcript make a demand for payment upon the appealing party or that the appealing party be given an opportunity to cure any defalcation. The rule does not contain any exceptions to the directive to dismiss the appeal or give the commissioner discretion to do anything other than dismiss the appeal. I conclude that this rule places an affirmative burden on the appealing party to inquir[e] regarding the cost and identity of the party who initially paid the cost of the transcript and to reimburse that nonappealing party within 30 days. Claimant did not do so in this case. An appealing party has had a "day in court" and the case has been decided on the merits. If an appealing party desires to have the case reviewed again by the agency, that party must comply with the rules governing intra-agency appeals.

On judicial review, the district court affirmed the commissioner's dismissal. On Zieckler's appeal to this court, she challenges both the commissioner's interpretation of administrative code rule 876—4.30 and the validity of the rule itself.

## II. Interpretation of the Rule.

We review a commissioner's interpretation of agency rules to determine whether the interpretation is irrational, illogical, or wholly unjustifiable. Iowa Code § 17A.19(10)(*l*) (2003). Rule 876—4.30 clearly states that, if the appealing party does not pay for the transcript within thirty days, the appeal *shall* be dismissed. There is no "play in the joints" in this rule, as there was in *Marovec v. PMX Industries*, 693 N.W.2d 779 (Iowa 2005), which involved the commissioner's interpretation of a rule allowing the commissioner some discretion to dismiss an appeal for failure to file a brief. In contrast to the rule involved in *Marovec*, rule 876—4.30 allows the commissioner no discretion to impose a sanction less severe than dismissal under the

circumstances of this case. We therefore reject Zieckler's erroneous-interpretation argument.

### III. Validity of the Rule.

As we have noted, Zieckler also assails the validity of rule 876—4.30. Generally, we review administrative action to determine if it is "[b]eyond the authority delegated to the agency by any provision of law or in violation of any provision of law," Iowa Code § 17A.19(10)(*b*), or is unreasonable, arbitrary, capricious, or an abuse of discretion. Iowa Code § 17A.19(10)(*h*)–(*n*). "In making the determination whether the agency's action is unreasonable, arbitrary, capricious, or an abuse of discretion, the court '[s]hall give appropriate deference to the view of the agency with respect to particular matters that have been vested by a provision of law in the discretion of the agency.'" *Marovec*, 693 N.W.2d at 782 (quoting Iowa Code § 17A.19(11)(*c*)).

The legislature has vested the commissioner with the authority to promulgate rules and procedures to implement Iowa Code chapter 85. Iowa Code § 86.8(1). Pertinent to this case, the legislature has authorized intra-agency appeals and directs that they be taken "as provided by rule." Iowa Code § 86.24(1).

While courts are required to give deference to the commissioner's promulgation of rules, that deference is not without limitation. We are required to give only "appropriate" deference under section 17A.19(11)(*c*). The question presented here is whether "appropriate deference" will save the agency's rule that requires the dismissal of an intra-agency appeal as a sanction for failure within thirty days to reimburse a party who paid for a transcript of a workers' compensation hearing. Zieckler contends the commissioner's rule 876—4.30 imposes an unreasonable, arbitrary, and

capricious penalty because such a failure does not impede the agency's processing of an appeal. We agree.

Under Iowa Code chapter 17A, an agency's authority is limited in several respects. A court on judicial review may reverse agency action if substantial rights of the person seeking relief have been prejudiced because the action is "unreasonable, arbitrary, capricious, or an abuse of discretion." Iowa Code § 17A.19(10)(*n*). Section 17A.19(10) identifies several subsets of unreasonable, arbitrary, and capricious agency action. One of these subsets is agency action that is "so grossly disproportionate to the benefits accruing to the public interest from that action that it must necessarily be deemed to lack any foundation in rational agency policy." *See id.* § 17A.19(10)(*k*); *see also* Arthur E. Bonfield, *Amendments to Iowa Administrative Procedure Act, Report on Selected Provisions to Iowa State Bar Association and Iowa State Government* 69 (1998) (noting paragraphs 17A.19(10)(*h*)–(*m*) "provide specific examples of agency action that any reviewing court should overturn as unreasonable, arbitrary, capricious, or an abuse of discretion").

Zieckler has consistently argued before the agency and on judicial review that the commissioner's adoption of rule 876—4.30 constitutes unreasonable, arbitrary, and capricious agency action. The unmistakable essence of her argument is that the agency's rule mandating the imposition of the sanction of dismissal for a failure to make reimbursement within thirty days for a hearing transcript is outrageously unreasonable because, as is evidenced by the facts of this case, such a failure does not impede or delay the processing of an appeal or cause any other public detriment. Although Zieckler has not specifically cited section 17A.19(10)(*k*) in support of her argument, and

she does not specifically employ the words "grossly disproportionate" in her brief on appeal, we believe the substance of her argument adequately implicates that paragraph's subset of unreasonable, arbitrary, and capricious agency action. We therefore conclude Zieckler's contention that the commissioner's rule 876—4.30 is an unreasonable, arbitrary, and capricious exercise of agency power gave sufficient notice to the agency, the district court, and this court of the substance of her argument: *viz.*, that the negative impact of the rule is so grossly disproportionate to any resulting benefits accruing to the public, that it must necessarily be deemed to lack any foundation in rational agency policy. *See* Iowa Code § 17A.19(10)(*k*).

An agency's action may be reversed under section 17A.19(10)(*k*) only if the action is not required by law. Although the commissioner is required by statute to adopt rules to implement the workers' compensation system, *see id.* § 86.8(1), the commissioner is not *required* by law to adopt a rule mandating dismissal of an intra-agency appeal as a sanction for failing within thirty days to reimburse a nonappealing party for the cost of a hearing transcript. We therefore conclude the commissioner's adoption of a rule such as rule 876—4.30, providing for mandatory dismissal of an appeal under the circumstances of this case, is not "required by law," and may therefore be reversed under section 17A.19(10)(*k*).

The facts of this case illustrate the obvious disproportionality between the mandatory dismissal rule's negative impact on appealing parties and its benefit to the public. Unlike the rule at issue in *Marovec*, rule 876—4.30 is simply a cost-shifting provision that has no effect on the agency's ability to process the appeal. Thus, the public benefit of

rule 876—4.30 rests solely on the fairness of shifting appeal costs to an appealing party during the pendency of an intra-agency appeal. Zieckler was unaware which defendant paid for the transcript or how much was paid for it. When she learned this information she immediately sought to reimburse the defendant who initially paid for the transcript. All the appeal briefs were on file with the commissioner before the payment issue arose. Nevertheless, the mandatory nature of rule 876—4.30 prevented any consideration of Zieckler's particular circumstances. She lost her right of appeal for a reason having nothing to do with the merits of her appeal or her willingness to bear the initial costs of the transcript. The public benefit of a mandatory dismissal under these circumstances is negligible, while the negative impact on Zieckler is extremely severe. We do not intend to suggest an agency may never mandate dismissal for violation of a procedural rule; however, section 17A.19(10)(*k*) requires that there be a reasonable proportion between imposition of the ultimate sanction of dismissal and the party's transgression. Rule 876—4.30 lacks any such proportion.[1]

We conclude the agency's action in adopting rule 876—4.30 was (1) not required by law; and (2) unreasonable, arbitrary, and capricious because its negative impact is so grossly disproportionate to the benefits accruing to the public interest from the rule. Therefore, rule 876—4.30 lacks adequate foundation in rational agency policy and must be

---

[1]It should be noted that the commissioner recently eliminated the most unreasonable feature of rule 876—4.30 by amending it to read as follows:

> In the event the cost of the transcript has been initially borne by a nonappealing party prior to appeal, the nonappealing party is entitled to reimbursement within 30 days after serving on the appealing party proof of the cost of the transcript. If not so reimbursed, the appeal *may be* dismissed.

Iowa Admin. Code r. 876—4.30 (2007) (emphasis added). Accordingly, the infirmity of the rule that requires us to reverse this case has been eliminated from the rule.

invalidated. Accordingly, we reverse the judgment of the district court and remand to the agency for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

All justices concur except Larson, J., who dissents.

**LARSON, Justice (dissenting).**

I dissent. The majority has reached out to decide this case on a theory that the appellant has not raised at any point in the history of the case—from her resistance to the motion to dismiss, through her petition for judicial review, and up to this court.

On appeal to this court, Zieckler complains that

> [t]he Commissioner's actions in dismissing Zieckler's appeal were unreasonable, arbitrary and capricious, and deprived Zieckler of the opportunity to have her appeal decided on the merits. Moreover, rule 876—I.A.C. 4.30, if interpreted to require dismissal in this case is an unreasonable exercise of the agency's rule-making authority. The Commissioner's actions violated Iowa Code § 17A.19, and the dismissal should be reversed and the appeal reinstated.

Zieckler's complaint that the commissioner's action "violated Iowa Code § 17A.19" is so general that it gives virtually no guidance to a court. Perhaps Zieckler intends to argue that the commissioner violated *some* provision of Iowa Code section 17A.19(10), which lists fourteen grounds for reversing agency action. Her brief does not specify on which of these grounds she relies. The majority, however, fills in the gap by expressly basing its holding on section 17A.19(10)(*k*), a statute that was not even cited by Zieckler. Despite the fact Zieckler does not even mention this section, the majority holds that its application mandates reversal. Under that section, if the action of the agency is "[n]ot required by law and the negative impact . . . is . . . grossly disproportionate to the benefits accruing to the public," the action lacks a rational basis. This section helps give meaning to one of the legislature's stated purposes for the administrative procedure act, which "is to increase the fairness of

agencies in their conduct of contested case proceedings." Iowa Code § 17A.23.

However, this court's concern for reaching what it perceives to be a fair result in a particular case cannot trump well-established principles of appellate procedure. One of these principles is that we will not "assume a partisan role and undertake the appellant's research and advocacy." *See Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974); *accord In re Det. of Garren*, 620 N.W.2d 275, 285 (Iowa 2000); *State v. Stoen*, 596 N.W.2d 504, 507 (Iowa 1999). The rationale for such a self-imposed rule is obvious. If a court fills in the gaps in an appellant's argument, it skews the judicial review process because it deprives opposing parties, and the district court, of an opportunity to meet the argument. Here, Zieckler does not argue that her right to appeal is grossly disproportionate to the public's benefit. She does not hint at such a theory. In fact, as already noted, she does not even cite Iowa Code section 17A.19(10)(*k*), the section on which the majority relies.

If we allow dissatisfied parties such as Zieckler to take a shotgun approach by claiming simply, as Zieckler does, that the agency's action was "unreasonable, arbitrary, and capricious" and leave it to a court to fill in the gaps, we will open the floodgates to judicial review proceedings.

I would hold Zieckler to the arguments she actually made in her appeal to this court, not her arguments as supplemented and embellished by the majority. I would, therefore, defer to the commissioner's rule-making authority and affirm the judgment of the district court.