# IN THE SUPREME COURT OF IOWA

No. 07–2094

Filed February 27, 2009

**JAMES BOEHME,**

      Appellant,

vs.

**FAREWAY STORES, INC. and
IOWA INSURANCE GUARANTY
ASSOCIATION, on behalf of
HOME INSURANCE COMPANY,
in Insolvency,**

      Appellees.

---

Appeal from the Iowa District Court for Polk County, Glenn E. Pille, Judge.

Appellant challenges district court's denial of his claim for workers' compensation weekly benefits. **AFFIRMED.**

John E. Swanson of Hansen, McClintock & Riley, Des Moines, for appellant.

Michael L. Mock of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellees.

**STREIT, Justice.**

James Boehme was injured while working at Fareway Stores when an ice cream cart fell on him. Without entering into a settlement agreement, Fareway provided Boehme with medical and weekly benefits. Six years later, Boehme settled with the manufacturer of the ice cream cart. That settlement resulted in a payment to Fareway for reimbursement of some of the past payments it had made to Boehme as well as a credit for future workers' compensation benefits. Accordingly, Fareway stopped paying weekly benefits, and Boehme began maintaining a record of the amount of weekly benefits and medical expenses that would have been owed by Fareway but for the settlement and the resulting credit. When, after a period of years, Boehme believed Fareway's settlement credit was exhausted, he filed a workers' compensation petition against Fareway claiming entitlement to medical and weekly benefits, and requesting reimbursement from Fareway for attorneys' fees incurred in the litigation that produced the third-party settlement. The deputy commissioner determined Boehme's claim for weekly benefits was barred by the statute of limitations and his claim for attorneys' fees was also barred. Boehme appealed, asserting, among other things, the statute of limitations did not apply because of the doctrine of equitable estoppel. The commissioner affirmed, determining Boehme had not preserved error on his equitable estoppel claim. The district court affirmed. Because Boehme's equitable estoppel claim is without merit and because he did not file his claim within three years of Fareway's last payment, Boehme's claim is barred by the statute of limitations. Further, Iowa Code section 515B.2(*b*) (2007) prevents Boehme from recovering attorney's fees from Fareway.

**I. Background Facts and Prior Proceedings.**

On December 6, 1983, James Boehme was injured while working at Fareway Stores, Inc. when an ice cream cart containing 900 pounds of ice cream tipped over on top of him. Fareway and its insurance carrier, Home Insurance Company, accepted the injury as compensable and provided Boehme with medical benefits, healing period benefits, and permanent partial disability benefits. Fareway and Boehme never entered into a settlement agreement pursuant to Iowa Code section 86.13 (2007) to establish weekly benefits, and the extent of Boehme's permanent disability was never determined by the commissioner. Boehme also pursued a third-party claim against the manufacturer of the ice cream cart. On February 9, 1990, Boehme settled that claim for $300,000. On February 20, 1990, Fareway and Boehme filed a Memorandum of Third-Party Settlement with the commissioner as required by Iowa Code section 85.22 (2007). In the agreement, Fareway and Boehme agreed Fareway (and Home Insurance) would receive a lump sum payment of $48,655.17 as indemnification for payments of workers' compensation benefits made through the date of the third-party settlement. (The gross amount of benefits paid by Fareway/Home Insurance to Boehme by that time was $82,906.74.) The settlement also provided that Fareway was entitled to a credit against any future payments of medical or weekly benefits in the total amount of $135,026.11. The agreement contained the following specific provision:

> The parties, by their actions herein, do not stipulate or agree, or in any manner concede that the Claimant is entitled to any specified degree of permanent physical impairment or industrial disability, either now or in the future, such determination resting by law, with the Iowa Industrial Commissioner, upon contested case proceeding.

Fareway stopped making weekly benefit payments to Boehme at the end of February 1990.

Boehme maintained a detailed record of the amount of weekly benefits and medical expenses that would have been owed by Fareway but for the settlement of the tort action and the resulting credit. By Boehme's calculations, Fareway's settlement credit was exhausted in December 2002. On February 26, 2003, Boehme filed a review-opening petition with the commissioner seeking an award of additional medical and weekly benefits. Soon thereafter, Fareway's workers' compensation insurance carrier, Home Insurance Company, filed for bankruptcy. Iowa Insurance Guaranty Association (IIGA) appeared before the commissioner in the insolvent insurance carrier's place. Fareway and IIGA filed a motion for partial summary judgment asserting Boehme's claim was barred by the statute of limitations, Iowa Code section 85.26, because more than three years had passed since Fareway's last payment of weekly benefits. A deputy commissioner granted the motion, finding Boehme's claim for additional weekly benefits was barred by the statute of limitations. The deputy commissioner's decision did not address the issue of equitable estoppel raised by Boehme at the hearing. Boehme filed a motion of appeal to the commissioner.

While the appeal of the statute-of-limitations issue was pending, the commissioner entered an order directing an evidentiary hearing be held to address the other issues, including (1) the extent of Boehme's entitlement to past medical expenses, and (2) the effect of Iowa Code chapter 515B on Boehme's entitlement to reimbursement of attorneys' fees incurred by Boehme in the third-party litigation. In an arbitration decision, the deputy commissioner found (1) Boehme was entitled to past medical expenses incurred after the date of the third-party settlement in

the amount of $13,520.87 (to be deducted from Fareway's third-party settlement credit), and (2) Boehme's claims for attorneys' fees and litigation expenses were barred by Iowa Code section 515B.2(*b*)(4) and (8) and by the express language of the Memorandum of Third-Party Settlement filed with the agency in February 1990.

Boehme filed a notice of intra-agency appeal, which was consolidated with the earlier appeal of the summary judgment ruling. The commissioner affirmed both rulings and also determined Boehme had failed to preserve error with respect to two issues: whether equitable estoppel precludes Fareway from asserting a statute-of-limitations defense, and whether future credits from a third-party settlement should be construed as a payment of weekly benefits that extended the statute of limitations under Iowa Code section 85.25. The commissioner also determined that, even if error had been preserved, Boehme's claims on these issues were without merit.

Boehme filed a petition for judicial review. The district court affirmed. Boehme appealed.

## II. Scope of Review.

We review whether the commissioner correctly interpreted the agency's appellate procedural rules regarding preservation of error for an abuse of discretion. Iowa Code § 17A.19(10)(*n*) (2007). We review the commissioner's legal findings for errors at law. Iowa Code § 17A.19(10)(*c*), (*m*). We are bound by the commissioner's finding of facts so long as those findings are supported by substantial evidence. *Excel Corp. v. Smithart,* 654 N.W.2d 891, 896 (Iowa 2002); Iowa Code § 17A.19(10)(*f*).

### III. Merits.

**A. Statute of Limitations.** Under Iowa Code section 85.26, an employee must bring a claim for workers' compensation benefits within two years from the date of the injury or, "if weekly compensation benefits are paid under section 86.13, within three years from the date of the last payment of weekly compensation benefits." Boehme's claim for weekly benefits should have been brought within three years of February 1990, when Fareway stopped making payments to Boehme.

1. *Equitable estoppel.* Boehme argues the commissioner erred in ruling he did not properly preserve the issue of whether equitable estoppel precluded Fareway's statute-of-limitations defense. Although Boehme did not mention equitable estoppel in his resistance to the defendant's motion for summary judgment, he did raise the issue of equitable estoppel at the hearing on the motion for partial summary judgment. In the arbitration decision, the deputy commissioner did not rule on the issue. Although Boehme's appeal to the commissioner acknowledged the lack of a ruling on the issue, he did not file a motion for rehearing requesting the deputy commissioner to enter a ruling on the issue. In the appeal decision, the commissioner determined Boehme "did not properly preserve the issue of whether equitable estoppel prevented the defendants' statute-of-limitations defense as there is no underlying ruling . . . to affirm, modify, or overrule." The commissioner also determined that, even if error had been preserved, the equitable estoppel claim was without merit. The district court affirmed the commissioner's appeal decision on both counts.

Under the Iowa Administrative Code rule 876–4.28(7) (2007), "An issue will not be considered on appeal if the issue could have been, but was not, *presented* to the deputy." (Emphasis added.) In the appeal

decision, the commissioner interpreted this provision to require not only an issue be raised, but also the issue be decided in the ruling in order for a claim to be properly preserved on appeal. *See, e.g., Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."); *Explore Info. Sevs. v. Iowa Ct. Info. Sys.*, 636 N.W.2d 50, 57 (Iowa 2001) (motion for reconsideration "*necessary* to preserve error only when the district court *fails to resolve* an issue, claim, or legal theory properly submitted for adjudication"). Although we give an agency substantial deference when it interprets its own regulations, *TLC Home Health Care, L.L.C. v. Iowa Dep't of Human Servs.*, 638 N.W.2d 708 (Iowa 2002), the plain language of the rule is clear and unambiguous. "When the language of a statute is plain and its meaning clear, the rules of statutory construction do not permit us to search for meaning beyond the statute's express terms." *Rock v. Warhank*, 757 N.W.2d 670, 673 (Iowa 2008). Rule 876–4.28(7) clearly states that an issue will not be considered on appeal if it was not *presented* to the deputy. A deputy's ruling is not a final agency action. *See* Iowa Code § 86.24(5) ("The decision of the workers' compensation commissioner is final agency action."); *see also Myers v. F.C.A. Servs., Inc.*, 592 N.W.2d 354, 358 (Iowa 1999). Further, "[a]n issue raised on appeal [to the commissioner] is decided de novo, and the scope of the issue is viewed broadly." Iowa Admin. Code r. 876–4.28(7). Thus, as Boehme presented the issue to the deputy, the commissioner should have examined Boehme's claim that Fareway was equitably estopped from asserting a statute-of-limitations defense. Obtaining a ruling from the deputy commissioner on that issue was not required in order to preserve error.

However, we do agree with the district court that Boehme's equitable estoppel claim has no merit. Boehme contends Fareway is estopped from asserting a statute-of-limitations defense under the doctrine of equitable estoppel. Under this doctrine, a party who has fraudulently prevented the other party from seeking redress within the limitations period cannot benefit from the statute of limitations. *Hook v. Lippolt*, 755 N.W.2d 514, 525 (Iowa 2008). A party asserting equitable estoppel must demonstrate the following by clear and convincing evidence:

> "(1) The defendant has made a false representation or has concealed material facts; (2) the plaintiff lacks knowledge of the true facts; (3) the defendant intended the plaintiff to act upon such representations; and (4) the plaintiff did in fact rely on such representations to his prejudice."

*Id.* at 524–25 (quoting *Christy v. Miulli*, 692 N.W.2d 694, 702 (Iowa 2005)). To establish false representation or concealment, there must be evidence the party acted "with the intent to mislead the injured party." *Id.* at 525 (quoting *Meier v. Alfa-Laval, Inc.*, 454 N.W.2d 576, 580 (Iowa 1990)).

Boehme asserts that, at the time he and Fareway filed the third-party settlement agreement with the commissioner, he understood that a petition to establish weekly benefits did not need to be filed until the credits from the third-party settlement had been exhausted and that Fareway knew he misunderstood the contract. There is no evidence in the record indicating Fareway "made a false representation or has concealed material facts" when the agreement was signed in order to prevent Boehme from filing a timely petition for weekly benefits. *Id.* at 524–25. Fareway never represented to Boehme that he could wait until

the settlement credits ran out before filing a petition to establish weekly benefits.[1]

Further, the language of the agreement is clear and unambiguous that Boehme's entitlement to weekly benefits was disputed and undetermined:

> The parties, by their actions herein, do not stipulate or agree, or in any manner concede that the Claimant is entitled to any specified degree of permanent physical impairment or industrial disability, either now or in the future, such determination resting by law, with the Iowa Industrial Commissioner, upon contested case proceeding.

Both parties were represented by lawyers, and Boehme's lawyers reviewed the settlement documents and were present when Boehme and his wife signed them. Boehme did not establish Fareway "made a false representation or has concealed material facts." *Id.*

Even if Fareway knew Boehme misunderstood the contract, we will not impose a duty on counsel to inform the opposing party of the intricacies of an agreement, its long-term consequences, or why they may not want to sign it. Nor are we inclined to impose a duty on counsel in an adversarial setting to tell a party that his lawyer has not correctly or adequately advised him. It is the duty of a lawyer to represent *his* client zealously. *Weigel v. Weigel*, 467 N.W.2d 277, 281 (Iowa 1991); *see also* Iowa Ct. R. 32:1.3. Advising the opposing party that his counsel is wrong would conflict with this important duty.

We agree with the commissioner and the district court that Boehme's equitable estoppel claim is without merit.

---

[1]Neither party claims Fareway waived the statute of limitations. Even if Fareway had, any such agreement would have to be approved by the commissioner. *See* Iowa Code § 86.13 (a settlement agreement regarding compensation is valid "only if signed by all parties and approved by the workers' compensation commissioner").

2. *Weekly benefits.* Boehme also asserts the statute of limitations does not preclude his claim because future credits from the third-party settlement should be considered in the nature of weekly benefits that would have otherwise been paid. Boehme maintained a detailed record of the amount of weekly benefits and medical expenses that would have been owed by Fareway but for the settlement of the tort action and the resulting credit of $135,026.11. He contends these virtual payments should be considered payments of weekly benefits by Fareway to him because Fareway was not paying weekly benefits only because of the credit derived from the third-party settlement. Although it is likely that Fareway would have continued to pay Boehme weekly benefits for some period of time if not for the third-party settlement, the Memorandum of Third-Party Settlement does not replace the need for an agency determination of Fareway's liability or a settlement agreement approved by the commissioner determining weekly benefits prior to the expiration of the statute of limitations. *See* Iowa Code § 86.13; *Bergen v. Iowa Veterans Home,* 577 N.W.2d 629 (Iowa 1998) (holding statute of limitations runs from last day of voluntary payment). At best, the third-party payments could be characterized as payments in Fareway's stead. However, neither the Memorandum of Third-Party Settlement nor the conduct of the parties supports such a characterization.

The language in the settlement agreement does not support Boehme's interpretation: "The parties . . . do not stipulate or agree, or in any manner concede that the Claimant is entitled to any specified degree of permanent physical impairment or industrial disability, either now or in the future. . . ." As the commissioner explained in the appeal decision,

> the terms of the third party settlement contradict [Boehme's] assertion that there was an agreement that the credit was given in lieu of weekly checks being submitted to [him].

> There is no language in the settlement document which supports [Boehme's] argument that he was entitled to indemnity benefits in the total amount of the credit created in the third party settlement. In fact, the terms of the settlement agreement contradict such a conclusion as the agreement mandated the commencement of a contested case to determine entitlement to any additional benefits.

We agree with the commissioner and the district court that Boehme's claim the settlement credits should be considered weekly benefit payments for the purpose of determining when the statute of limitations begins to run has no merit.

**B.    Allocation of Attorneys' Fees, Credits, and Court Costs.**

"[I]t is the obligation of the employer or insurer to contribute toward the cost of bringing the third-party action in proportion to the benefits received therefrom." *Marin v. DCS Sanitation*, 596 N.W.2d 62, 64 (Iowa 1999); *see also Ewing v. Allied Const. Servs.*, 592 N.W.2d 689 (Iowa 1999). Here, the insurer, Home Insurance Company, was insolvent, and the Iowa Insurance Guaranty Association (IIGA) appeared in its place. Under Iowa Code section 515B.2(*b*)(4), the IIGA is not responsible for amounts "due an attorney . . . for services rendered to the insolvent insurer." Section 515B.2(*b*)(8) indicates a party may present a noncovered claim, such as attorneys' fees, against the insolvent insurer or its liquidator, but such noncovered claims cannot be pursued against the insured of the insolvent insurer.

The deputy commissioner determined Iowa Code section 515B.2(*b*)(4) and (8) prevents Boehme from recovering attorneys' fees for the third-party settlement from IIGA or Fareway (the insured). Further, the deputy commissioner noted the plain language of the settlement agreement between Boehme and Fareway indicates that attorneys' fees and costs associated with the third-party litigation were not meant to be assessed against Fareway's $135,026.11 credit. *See Petty v. Faith Bible*

*Christian Outreach Ctr., Inc.*, 584 N.W.2d 303, 306 (Iowa 1998) (holding "where the intent of the parties is expressed in clear and unambiguous language, we enforce the contract as written"). Paragraph four of the agreement states Fareway "will be entitled to take a future credit for any and all future payment of weekly benefits and medical or associated expenses . . . up to the amount of . . . $135,026.11." The deputy commissioner reasoned that as "[m]ost of the attorneys' fees and court costs associated with third party litigation . . . had already been incurred by February 9, 1990 . . . they cannot be said to be 'future' benefits or expenses to be assessed against the . . . credit."

Boehme contends section 515B.2(*b*)(4) does not apply because the attorneys' fees and costs associated with the third-party settlement occurred well before the insurance carrier declared bankruptcy and IIGA stepped in. We disagree. The language of section 515B.2(*b*)(4) and the contract is clear. Iowa Code section 515B.2(*b*)(4) prevents Boehme from recovering attorneys' fees from IIGA and Fareway.

### IV. Conclusion.

Boehme's claim is barred by the statute of limitations since he did not file his claim within three years of Fareway's last payment of weekly benefits. His equitable estoppel claim and his claim that the third-party settlement proceeds constituted payments of weekly benefits are without merit. In addition, Iowa Code section 515B.2(*b*)(4) prevents Boehme from recovering attorneys' fees from Fareway.

**AFFIRMED.**