**JOHN DEERE DUBUQUE WORKS,**
Petitioner–Appellant/Cross–
Appellee,

v.

Kenneth CAVEN, Respondent–
Appellee/Cross–Appellant.

No. 10–1830.

Court of Appeals of Iowa.

June 15, 2011.

Dirk J. Hamel of Gilloon, Wright & Hamel, P.C., Dubuque, for appellant.

Martin Ozga of Neifert, Byrne & Ozga, P.C., West Des Moines, for appellee.

Considered by EISENHAUER, P.J., and POTTERFIELD and TABOR, JJ.

EISENHAUER, P.J.

John Deere Dubuque Works (John Deere) appeals and Kenneth Caven cross-appeals from a ruling on judicial review by the district court. The workers' compensation commissioner awarded Caven permanent partial disability benefits for occupational hearing loss and also ruled Caven's tinnitus claim was not filed within the statute of limitations. Utilizing the agency's administrative rules, the commissioner ordered John Deere to reimburse Caven for the costs of obtaining a doctor's/practitioner's report. John Deere claims the district court erred in affirming the agency's costs awarded under Iowa Administrative Code Rule 876–4.33 rather than under Iowa Code section 85.39 (2007). Caven claims the district court erred in affirming the agency's statute of limitations determination. We affirm.

## I. Background.

In July 2007, Caven filed a workers' compensation petition alleging he suffered occupational hearing loss and tinnitus as a result of his work with John Deere.[1] Caven hired Richard Tyler, Ph.D., an audiologist consultant. Dr. Tyler reviewed medical records and reports and interviewed Caven. On May 6, 2008, Dr. Tyler's report opined Caven's hearing loss and tinnitus "was probably a result of his work at John Deere. His condition is unlikely to improve."

After hearing, in September 2008, the deputy ruled Caven's observations about the noise levels in the factory were credible. However, the deputy specifically detailed other portions of Caven's testimony and ruled: "[Caven's] testimony carries little weight and this lack of credibility must be factored in when reviewing the medical evidence in this case."

The deputy awarded permanent partial disability benefits for occupational hearing loss. This ruling is not challenged on appeal. The deputy ruled: "A reasonable conclusion from the evidence is that [Caven] does have tinnitus and that his tinnitus is at least in part related to his work at John Deere." However, the deputy determined Caven's tinnitus claim was not filed within the two-year statute of limitations. The deputy awarded Caven $150.00 of the $972.00 claimed costs for the report of Dr. Tyler.

After his de novo review and after noting that "my ability to find the true facts that are affected by witness demeanor and credibility cannot be expected to be superior to that of the [presiding] deputy," the commissioner affirmed and adopted the deputy's arbitration decision, "except for the denial of the costs of Dr. Tyler's report." The commissioner awarded $972.00 to Caven under Iowa Administrative Code rule 876–4.33(6).

In July 2009, Caven sought rehearing on the tinnitus issue. Caven argued the commissioner's appeal decision did not specifically address whether the decision in *Midwest Ambulance Service v. Ruud*, 754 N.W.2d 860 (Iowa 2008), compelled a different result. Cavin contended: "In 1997, [he] did not appreciate the nature, seriousness, or probable compensable character of his tinnitus claim because that condition had no adverse impact on [his] employability." In August 2009, the commissioner ruled:

> [Caven] complains that I did not specifically address the issue of [his] knowledge concerning the impact of his injury on his employment. As I stated in the appeal decision, the presiding deputy at

---

1. Caven filed a second July 2007 petition alleging bilateral carpal tunnel syndrome. The agency awarded permanent partial disability benefits. This ruling is not appealed.

hearing adequately and correctly dealt with that issue ... in finding that [Caven] knew long ago that the injury would adversely impact his job.

In October 2010, the district court affirmed the commissioner's appeal decision. John Deere now appeals the basis for the costs awarded and Caven cross-appeals the statute of limitations issue.

## II. Scope of Review.

Iowa Code section 17A.19 lists the instances when a court may, on judicial review, reverse, modify, or grant other appropriate relief from agency action. "In exercising its judicial review power, the district court acts in an appellate capacity." *Mycogen Seeds v. Sands*, 686 N.W.2d 457, 463 (Iowa 2004). When we review the district court's decision, "we apply the standards of chapter 17A to determine whether the conclusions we reach are the same as those of the district court. If they are the same, we affirm; otherwise, we reverse." *Id.* at 464.

## III. John Deere Appeal: Costs.

In July 2009, the commissioner ordered full reimbursement for the costs of Dr. Tyler's report under Iowa Administrative Code rule 876–4.33(6), stating:

> While the hearing deputy limited the reimbursement for the cost of Dr. Tyler's [report] ... to $150.00 based on agency precedent, that precedent is legally flawed and must be reversed. Almost 25 years ago, this agency held that a maximum of $150.00 would only be allowed as a cost reimbursement for any one doctor or practitioner's written report as that is all that would be allowed as an expert witness fee had the expert's views been obtained in an oral deposition under the costs provisions of Iowa Code section 622.72. *Lytle v. Hormel Corp.*, 1–4, Comm'r Dec. 968 (App Dec 1985). That decision was re-affirmed in *Schmitt v. Cardinal Construction*, No. 947339 [1999 WL 33619546] (App. July 22, 1999). However, these decisions are contrary to the plain language of 876 IAC 4.33 which provides as follows:

> . Costs taxed by the worker's compensation commissioner or a deputy commissioner shall be ... (6) the reasonable costs of obtaining no more than two doctors' or practitioners' reports.

> While a doctor or practitioner's *deposition testimony* is limited by Iowa Code section 622.69 and 622.72, no such limitation is contained in this rule for obtaining *written reports*, nor is there any application of those statutes to *written reports*. As recently instructed by the Iowa Supreme Court, this agency cannot ignore the plain wording . of its own rules. *Boehme v. Fareway Stores, Inc.* [762 N.W.2d 142, 146 (Iowa 2009)]; *Rock v. Warhank*, 757 N.W.2d 670, 673 (Iowa 2008). Therefore, the prior agency precedent set forth above shall no longer be controlling agency precedents in cases before this agency and the entire reasonable costs of doctor and practitioner's *reports* may be taxed as costs pursuant to 876 IAC 4.33.

(Emphasis added.)

In August 2009, John Deere appealed to the district court arguing it should only be required to pay $150.00. After argument in February 2010, the district court ruled: "The Court agrees with the interpretation of the administrative code by the Commissioner and hereby orders [John Deere] to pay the full sum of the expense of the cost to obtain the medical *report* in the amount of $972.00." (Emphasis added.)

In this appeal, John Deere "agrees that [Caven] is entitled to be reimbursed for Dr. Tyler's entire expert fee of $972.00."

John Deere argues, however, the "reimbursement order should be pursuant to Iowa Code section 85.39 and not Rule 876–4.33(6)."

"We review a commissioner's interpretation of agency rules to determine whether the interpretation is irrational, illogical, or wholly unjustifiable." *Zieckler v. Ampride*, 743 N.W.2d 530, 532 (Iowa 2007).

### A. Moot.

■ Caven argues John Deere's concession makes the costs issue moot and we need not address it because John Deere has agreed to payment in full. We "do not decide cases when the underlying controversy is moot." *Grinnell Coll. v. Osborn*, 751 N.W.2d 396, 398 (Iowa 2008). However, Caven admits "[t]here is no doubt that the decision in Mr. Caven's case was a change in agency practice." John Deere argues the costs issue is not moot and our analysis "is of wide interest among lawyers who regularly practice in the area of workers' compensation."

We conclude that "[w]hile this appeal is a purely private action, the issues presented currently lack authoritative adjudication." *See id.* at 399 (recognizing the desirability of an authoritative adjudication to guide public officials in their future conduct). Therefore, we turn to the relevant statutes and administrative rules.

### B. Merits.

■ "The primary purpose of the workers' compensation statute is to benefit the worker and his or her dependents, insofar as statutory requirements permit." *McSpadden v. Big Ben Coal Co.*, 288 N.W.2d 181, 188 (Iowa 1980). Therefore, we "liberally construe workers' compensation statutes in favor of the worker." *Ewing v. Allied Constr. Servs.*, 592 N.W.2d 689, 691 (Iowa 1999).

We recently addressed the employer's reimbursement obligations under Iowa Code section 85.39 and ruled:

> Iowa Code section 85.39 requires an employer to reimburse an employee for the costs of an *independent medical examination* (IME) when "an evaluation of permanent disability has been made by a physician retained by the employer and the employee believes this evaluation to be too low."

*Dodd v. Fleetguard, Inc.*, 759 N.W.2d 133, 139 (Iowa Ct.App.2008) (emphasis added). In *Dodd*, we noted the purpose behind section 85.39 can be explained by the unequal financial position of the parties and ruled: "Section 85.39 does not include an implied requirement that the claimant ultimately prove the injury arose out of and in the course of employment." *Id.* Therefore, section 85.39 and our recent case law discuss the employer's obligation to pay for the examination. *See id.* Section 85.39 does not contain language specifically addressing "costs" for witness testimony, deposition testimony, or written reports. *See* Iowa Code § 85.39.

We turn to Iowa Code section 86.40, which does specifically address the workers' compensation agency's award of costs and provides: "All costs incurred in the hearing before the commissioner shall be taxed in the discretion of the commissioner." Therefore, determining the appropriate taxation of costs is a matter specifically delegated by the legislature to the discretion of the agency.

Further, the legislature has vested the commissioner with the authority to promulgate rules and procedures to implement Iowa Code chapter 86. Iowa Code § 86.8(1). We give appropriate deference to the commissioner's promulgation of rules. *Zieckler*, 743 N.W.2d at 532.

The agency's rules address the costs of witness testimony, deposition testimony,

and written reports. Iowa Administrative Code rule 876–4.33 states: "This rule is intended to implement Iowa Code section 86.40." The rule contains numerous subsections detailing items that "shall be" taxed as costs by the commissioner or deputy, including:

(4) witness fees and expenses as provided by Iowa Code sections 622.69 [2] and 622.72,[3]

(5) the costs of doctors' and practitioners' deposition testimony, provided that said costs do not exceed the amounts provided by Iowa Code sections 622.69 and 622.72,

(6) the reasonable costs of obtaining no more than two doctors' or practitioners' reports.

Iowa Admin. Code r. 876–4.33.

In awarding costs to Caven under this rule, the commissioner noted the workers' compensation agency had recently been admonished to follow the plain language of its rules by the Iowa Supreme Court in *Boehme*, which instructed:

Although we give an agency substantial deference when it interprets its own regulations, the plain language of the [workers' compensation agency's administrative] rule is clear and unambiguous. "When the language of a statute is plain and its meaning clear, the rules of statutory construction do not permit us to search for meaning beyond the statute's express terms."

*Boehme*, 762 N.W.2d at 146 (citations omitted) (holding the administrative rule clearly states an issue will not be considered on appeal to the commissioner if it was not *presented* to the deputy; therefore, the commissioner erred in concluding a *ruling* from the deputy is required to preserve error).

As in *Boehme*, we conclude Iowa Administrative Code rule 876–4.33(6) is clear and unambiguous. Accordingly, we agree with the commissioner and the district court that Caven's claim for reimbursement for Dr. Tyler's report can be awarded, in the commissioner's discretion, as a cost under Iowa Code section 86.40 and Iowa Administrative Code rule 876–4.33(6). The commissioner's interpretation of its agency rule is not irrational, illogical, or wholly unjustifiable. *See Zieckler*, 743 N.W.2d at 532.

## IV. Caven Cross–Appeal: Tinnitus and Statute of Limitations.

█ Caven argues his tinnitus claim is not barred by the statute of limitations. The district court affirmed the commissioner, stating:

Tinnitus is a cumulative injury. The [deputy] acknowledged this and analyzed her opinion based thereon. [Caven] knew that the tinnitus was caused by his work at John Deere. This was evident from his previous discussions with doctors and his deposition testimony. He also knew in 1997 that his tinnitus affected his ability to do a good job at John Deere. This is evident from his testimony indicating that he was able to do certain things to drown out the ringing in his ears to aid in his level of concentration.

As the original notice and petition in this case was not filed until January 12,

---

**2.** Iowa Code section 622.69 Witness Fees, states: "Witnesses shall receive ten dollars for each full day's attendance and five dollars for each attendance less than a full day, and mileage expenses...."

**3.** Iowa Code section 622.72 Expert Witnesses—Fee, states: "Witnesses called to testify ... to an opinion founded on ... professional examinations ... shall receive additional compensation ... not [to] exceed one hundred fifty dollars per day...."

2007, it is clearly established that Mr. Caven's tinnitus claim is well beyond the two-year statute of limitations as prescribed for workmen's compensation reimbursement.

Based on this Court's review of the Transcript of Proceedings, the deposition testimony, the exhibits, and the Deputy Commissioner's ruling, as approved by the Commissioner, the Court hereby finds that there is substantial evidence in the record to affirm the Deputy Commissioner's ruling.

Factual questions in workers' compensation are "delegated by the legislature to the commissioner." *Larson Mfg. Co. v. Thorson,* 763 N.W.2d 842, 850 (Iowa 2009). Therefore, we do not apply a "scrutinizing analysis" to the commissioner's factual findings. *Ruud,* 754 N.W.2d 860, 866 (Iowa 2008). Rather, "[f]actual findings of the commissioner are reversed only if they are not supported by substantial evidence." *Id.* at 864. The question "is not whether the evidence supports different [factual] findings than those made by the commissioner, but whether the evidence supports the findings actually made." *Thorson,* 763 N.W.2d at 850. "The burden on the party who was unsuccessful before the commissioner is not satisfied by a showing that the decision was debatable, or even that a preponderance of evidence supports a contrary view." *Ruud,* 754 N.W.2d at 865. "The application of the law to the facts is also an enterprise vested in the commissioner." *Thorson,* 763 N.W.2d at 850. "Accordingly, we reverse only if the commissioner's application was irrational, illogical, or wholly unjustifiable." *Id.*

We conclude the district court properly focused its consideration on whether the evidence supports the decision made, not whether it supports a different decision. "The question of whether a claimant knew, or should have known, of the nature, seriousness, and probable compensability of [his] injury is a question of fact to be determined by the commissioner." *Ruud,* 754 N.W.2d at 865. Caven's knowledge of the three triggering factors "may be actual or imputed from the record." *See Thorson,* 763 N.W.2d at 854–55 (stating claimant "deemed to know" the three factors "when she knows her physical condition is serious enough to have permanent adverse impact on her employment or employability"). After our review of the record as a whole, we agree with the district court. *See Kohlhaas v. Hog Slat, Inc.,* 777 N.W.2d 387, 390 (Iowa 2009) (stating we review "to determine if our conclusions are the same").

**AFFIRMED.**