**IN THE COURT OF APPEALS OF IOWA**

No. 14-0231
Filed October 1, 2014


**DES MOINES AREA REGIONAL TRANSIT**
**AUTHORITY and UNITED HEARTLAND,**
        Petitioners-Appellants,

**vs.**

**ARBREINA YOUNG,**
        Respondent-Appellee.
_____


        Appeal from the Iowa District Court for Polk County, Eliza J. Ovrom,

Judge.


        The Des Moines Area Transit Authority and United Heartland appeal from

a ruling on judicial review of a decision made by the workers' compensation

commissioner.  **REVERSED.**


        David L. Jenkins of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des

Moines, for appellant.

        Robert E. Tucker, Des Moines, for appellee.


        Considered by Tabor, P.J., Mullins, J., and Goodhue, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**GOODHUE, S.J.**

The Des Moines Area Transit Authority and United Heartland (collectively referred to as DART) appeal from a ruling on judicial review of a decision made by the workers' compensation commissioner.

## I. Facts and Background

On June 9, 2009, the respondent-appellee, Arbreina Young, was working for DART as a bus driver when she suffered injuries as a result of a collision with another vehicle. DART authorized Dr. Donna Bahls to provide medical treatment beginning August 20, 2009. On May 18, 2010, Dr. Bahls determined Young had received maximum medical improvement and provided an opinion regarding her permanent functional impairment. Prior to that, and specifically on March 18, 2010, Young requested and received an independent medical examination (IME) from Dr. Jacqueline Stoken. Dr. Stoken opined Young had obtained maximum medical improvement on March 11, 2010, and expressed an opinion as to Young's functional impairment as a result of her work injury.

The only issue on appeal is the workers' compensation commissioner's award of $2800 as the cost of the IME provided by Dr. Stoken prior to any evaluation by the physician retained by her employer. The district court affirmed the commissioner's award for the full cost of the IME provided by Dr. Stoken.

## II. Scope of Review

The scope of review of an administrative agency is controlled by Iowa Code section 17A.19 (2009). The commissioner's legal findings are reversed for errors of law. Iowa Code § 17A.19(10)(b), (c). In acting on a review of an agency's action the court functions solely in an appellate capacity to correct

errors of law. *IBP, Inc. v. Harpole*, 621 N.W.2d 410, 414 (Iowa 2001). The findings of fact made by the commissioner are binding so long as they are supported by substantial evidence. *Excel Corp. v. Smithart*, 654 N.W2d 891, 896 (Iowa 2002).

### III. Discussion

There was no dispute of fact. The charge made by Dr. Stoken, and included as a cost in the hearing by the commissioner, was for an independent medical examination made prior to DART's physician having made any rating on Young's functional impairment.

DART contends it has no obligation to pay for the IME provided by Dr. Stoken because it was obtained prior to any rating by the physician they had selected.

> If an evaluation of permanent disability has been made by a physician retained by the employer and the employee believes this evaluation to be too low, the employee shall, upon application to the commissioner and upon delivery of a copy of the application to the employer and its insurance carrier, be reimbursed by the employer the reasonable fee for a subsequent examination by a physician of the employee's own choice . . . .

Iowa Code § 85.39.

The commissioner awarded Dr. Stoken's fees, exercising its right of discretion in awarding the costs in a hearing. "All costs incurred in the hearing before the commissioner shall be taxed in the discretion of the commissioner." *Id.* § 86.40.

The commissioner has adopted a rule to implement section 86.40 which sets out the costs which would logically be associated with a hearing and explains the reasonable costs of obtaining not more than two doctors' or

practitioners' reports. Iowa Admin. Code r. 876-4.33. In keeping with Iowa Code section 86.40, the rule sets out costs usually associated with a hearing and does not specifically include an IME. Young, in effect, asserts there cannot be a medical report without an examination and although Dr. Stoken's invoice was only for an IME, it included a report. Young asserts the report is a part of the cost of the proceedings and it necessarily includes the examination on which it is based. She asserts the two are indivisible. However, it is the timing of the IME that creates the conflict with Iowa Code section 85.39.

Young and the commissioner further assert that even though Iowa Code section 85.39 sets out one scenario providing for the refund of the cost incurred in obtaining an IME, it does not preclude other methods of charging an IME to the employer. That may be true as to IMEs after the employer's retained doctor has made a rating. The IME for which recovery is being sought was obtained before DART's physician had made any impairment rating, contrary to the provisions of Iowa Code section 85.39.

Young primarily relies on *John Deere Dubuque Works v. Caven*, 804 N.W.2d 297, 301 (Iowa Ct. App. 2011), which held that the commissioner could award fees incurred for the costs of an expert report in excess of $150. Previously the commission had considered $150 to be the maximum allowed for an expert's report used at a hearing. *Caven*, 804 N.W.2d at 299. The *Caven* court emphasized that the award was made under Iowa Code section 86.40 and not under Iowa Code section 85.39, as John Deere had requested. *Id.* at 300-01. In fact, the disputed charge was not the result of an IME, but was for the report made by Richard Tyler, an audiologist, based on a review of medical records and

an interview of the claimant after the employer's physician had denied any functional impairment.[1]  *Id.* at 298.

The contention that IMEs have previously been awarded as a cost of the proceeding is unconvincing.  At issue in this case is the timing of the IME.  Prior to the *Caven* ruling and the change in the worker's compensation commissioner's rules, the $150 limitation for medical reports for all practical purposes limited the award to the cost of the report or more likely only a portion of the cost of the report, let alone an IME.

It is necessary to look at the language of the workers' compensation act that the legislature has chosen to determine its intent.  *United Fire & Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 677 N.W.2d 755, 759 (Iowa 2004).  Iowa Code section 85.39 and its purpose is abundantly clear, "A medical evaluation pursuant to section 85.39 is a means by which an injured employee can rebut the employer's evaluation of disability.  It is not a way for the employee to initiate proceedings."  *Kohlhaas v. Hog Slat, Inc.*, 777 N.W.2d 387, 394 (Iowa 2009). Iowa Code section 85.39 does not expose the employer to liability for reimbursement of the cost of a medical evaluation unless the employer has obtained a rating in the same proceeding with which the claimant disagrees.  *Id.*

The *Kohlhaas* decision is dispositive.  The *Kohlhaas* case was concerned with a re-opening in which the claimant was using a rating in the initial case as a basis for a new IME at the employer's expense.  *Id.* at 390.  In the instant case, Dr. Stoken's premature IME was relative to an initial claim where no previous

---

[1] *See Caven v. John Deere Dubuque Works*, File Nos. 5023051, 5023052, 2008 WL 4368536, at *8 (Iowa Workers' Comp. Comm'n Sept. 12, 2008).

rating by an employer's physician existed. Furthermore, Iowa Code section 85.39 makes no distinction between re-openings and initial openings. The employer's physician's report of functional disability must be made before an employer is obligated to pay for the IME obtained by the employee. To allow a claimant the cost of an IME conducted prior to the employer's physician's report under Iowa Administrative Code rule 876-4.33 would be to allow an agency rule to defeat the requirements of a statute enacted by the legislature.

Dr. Stoken's invoice includes only the charge for the IME and makes no charge for the report she provided. There is nothing in the record to indicate she made any charge other than for the IME.

The decision of the trial court and the decisions of the workers' compensation commissioner in assessing DART charges made for the independent medical examination obtained prior to the employer's physician's rating of Young's permanent disability as a part of the cost of the hearing are reversed.

**REVERSED.**