HECHT, Justice
(dissenting).
Every square is a rectangle, but not every rectangle is a square. Although Dr. Stoken apparently believed she was performing an examination and preparing a report under Iowa Code section 85.39 (a square), I find no reason for concluding the commissioner abused his discretion in concluding the doctor’s report was taxable under the agency’s rule on taxation of costs (a rectangle). Accordingly, I would vacate the decision of the court of appeals and affirm the district court’s judgment affirming the commissioner’s taxation of the cost of Dr. Stoken’s report to Des Moines Area Regional Transit Authority (DART).
Just a few months ago, we concluded the Iowa Code “does not provide the sole basis for the [workers’ compensation] commissioner to require an employer file a first report of injury.” Denison Mun. Utils. v. Iowa Workers’ Comp. Comm’r, 857 N.W.2d 230, 238 (Iowa 2014). The commissioner can therefore utilize delegated rulemaking authority to promulgate rules ensuring the same functional result in “circumstances beyond those already required” by the workers’ compensation statutes. Id. Likewise, I believe Iowa Code section 85.39 does not provide the sole basis for the commissioner’s authority to shift to the employer the reasonable cost incurred by claimants obtaining medical evidence based in part on an examination. In other words, this case illustrates another application of the principle we applied in Denison.
The commissioner has express statutory authority to tax costs in workers’ compensation cases. Iowa Code § 86.40 (2009) (“All costs incurred in the hearing before the commissioner shall be taxed in the discretion of the commissioner.”). The commissioner has implemented this authority through an administrative rule specifying the categories of taxable costs. Iowa Admin. Code r. 876 — 4.33. The rule provides that costs may include “the reasonable costs of obtaining no more than two doctors’ or practitioners’ reports.” Id. Rule 876 — 4.33 is, in my view, comfortably within the statutory authority granted to the commissioner. Section 86.40 vests the commissioner with discretion to tax costs; rule 876 — 4.33 merely defines which costs are taxable in the exercise of that discretion. Rule 876 — 4.33 does not require the commissioner to tax costs; it therefore does no more than the legislature authorized. Although the circumstances of this case did not authorize reimbursement to Young for Dr. Stoken’s report under section 85.39 because DART had not obtained an evaluation of Young’s permanent disability when Dr. Stoken prepared her report, the commissioner clearly had discretion to tax the reasonable cost incurred by Young in obtaining Dr. Stoken’s report as a cost under section 86.40 and rule 876-4.33.
In evaluating the commissioner’s exercise of discretion, we should consider the common purposes of section 85.39 and rule 876 — 4.33. The animating remedial principle undergirding the statute and the rule is that claimants must not be deterred by economic realities from obtaining and presenting evidence supporting their claims at a hearing. Through cost shifting, section 85.39 ensures claimants will be able to obtain and offer in evidence a physician’s opinion on disability countering or supplementing an opinion obtained by the em *849 ployer or its insurer.[1] See Iowa Code § 85.39. Rule 876 — 4.33 similarly aids claimants by permitting the commissioner to shift the cost of obtaining two experts’ reports offered in evidence by the claimant at a hearing. See Iowa Admin. Code r. 876 — 4.33. Thus, the fundamental cost-shifting function of the statute and the rule is calculated to level the workers’ compensation playing field by ensuring claimants lacking financial resources will be able to obtain and present medical evidence supporting their claims. In this important cost-shifting sense, physicians’ reports and the opinions they communicate are fungible, whether the costs of obtaining them are shifted under section 85.39 or rule 876 — 4.33.
I believe the majority fails to consider another common feature of reports generated by physicians as a consequence of section 85.39 examinations and other reports generated by physicians and offered in evidence under rule 876 — 4.33. In both instances, physicians’ reports express expert opinions routinely based on a factual foundation consisting of a recent examination of the claimant, the claimant’s medical history as evidenced by medical records, and information about the alleged injury gleaned from the claimant and other sources in the particular case. If such reports fail to take account of any of these foundational elements, they will likely be criticized by the opposing party and be given less weight by the fact finder. Put another way, whether generated as a consequence of a claimant’s invocation of the section 85.39 procedure or for presentation in evidence as an element of the claimant’s costs under rule 876 — 4.33, physicians’ reports pack less probative force if they are not based on the same foundational components. A physical examination of the claimant is certainly á crucial foundational component of reporting physicians’ opinions in workers’ compensation cases. Because this is true, it seems sensible to expect that the cost of obtaining a medical report taxed under rule 876 — 4.33 would include the reasonable cost of an examination and would be similar in amount to the cost of obtaining reports generated as a consequence of examinations performed under 85.39.
The experts’ written reports, whether generated for the claimant at the employer’s cost as a consequence of a claimant’s invocation of section 85.39 or for presentation by the claimant as evidence and taxed as a cost under rule 876 — 4.33, are routinely offered in evidence as exhibits at workers’ compensation hearings in lieu of the physicians’ much more expensive live testimony or deposition testimony. Because the factual foundation, content, and purpose of the reports are similar in each instance, I conclude they are for all practical purposes fungible for purposes of the commissioner’s taxation of costs under the agency’s rule.
*850 Furthermore, the majority reaches a result likely to produce untoward consequences. Under the majority’s interpretation, if Dr. Stoken had spent the same amount of time and issued an identical report in this case, but relied only upon extensive study of Young’s existing medical records — and perhaps conducted additional research — the reasonable cost of her report would unquestionably be taxable under the agency’s rule. As I have already noted, reports offered in evidence in workers’ compensation cases and taxed under the agency’s rule are routinely based in part on recent physical examinations of claimants. Such examinations are sensibly and routinely deemed essential foundational work informing physicians’ opinions detailed in medical reports. Indeed, the taxable cost of “obtaining” a report under section 86.40 and rule 876 — 4.33 has historically been based — and must as a practical matter surely continue in the future to be based — on more than the value of the physician’s time as a scrivener.[2] We cannot expect physicians to donate their time when formulating the opinions they express in their reports in workers’ compensation cases. To be sure, the universe of physicians willing to prepare reports in such cases will shrink drastically if compensation is denied them for time spent performing physical examinations informing their opinions.
I recognize we have stated section 85.39 is not intended “merely to aid the claimant’s discovery.” McSpadden v. Big Ben Coal Co., 288 N.W.2d 181, 194 (Iowa 1980). But the legislature has specifically given the commissioner authority to tax costs in his or her discretion. See Iowa Code § 86.40. I would defer, as this court routinely does, to the commissioner’s interpretation of agency rules. See, e.g., Neal v. Annett Holdings, Inc., 814 N.W.2d 512, 518 (Iowa 2012); Boehme v. Fareway Stores, Inc., 762 N.W.2d 142, 146 (Iowa 2009); see also John Deere Dubuque Works v. Caven, 804 N.W.2d 297, 300-01 (Iowa Ct.App.2011); cf. Franich v. Real Éstate Comm’n, 681 N.W.2d 620, 623 (Iowa 2004) (“[W]e give ‘appropriate deference’ to the view of the Commission with respect to the interpretation of ... the rules adopted pursuant to the authority granted in [chapter 543B].”). The legislature has granted the workers’ compensation commissioner authority to make and enforce “rules necessary to implement [the workers’ compensation statutes].” Iowa Code § 86.8(l)(a). Section 86.40 is indisputably a workers’ compensation statute granting the commissioner broad discretion to tax costs. Thus, our decision in this case should turn on whether the commissioner’s interpretation of the agency rule implementing section 86.40 is “irrational, illogical, or wholly unjustifiable” — in other words, whether it calls every rectangle a square. Iowa Code § 17A.19(10)(i) (emphasis added). For all the reasons stated above, I do not think the commissioner’s interpretation comes even close to violating this deferential standard of review. Accordingly, I respectfully dissent. I would affirm the taxation of the cost of Dr. Stoken’s report and hold the reasonable cost of obtaining a physician’s report under rule 876 — 4.33 includes time spent performing a physical examination of the claimant.
APPEL and ZAGER, JJ., join this dissent.

. Although section 85.39 expressly provides that the commissioner may transfer the cost of an examination of the claimant and makes no express reference to the cost of a report resulting from the examination, the essential purpose of the statute aids claimants in obtaining medical opinions supporting their claims. See Iowa Code § 85.39. Because examinations under section 85.39 have no practical utility for a claimant or an employer if examining physicians do not memorialize relevant opinions in a report suitable for presentation at a hearing, it should come as no surprise that in the workers' compensation world the essential objective of a party invoking the benefit of the statute is a report expressing opinions on the nature and extent of the claimant’s disability. Physicians performing examinations for claimants or employers under section 85.39 therefore routinely prepare reports documenting their opinions for presentation at hearings as an essential aspect of their work under the statutory procedure.

. I suspect DART's primary objection to the taxing of this particular cost stems from its $2800 price tag. The agency rule only allows the commissioner to tax reasonable costs. Iowa Admin. Code r. 876 — 4.33. If DART thought Dr. Stoken’s fee was unreasonable in amount, it could have raised that argument before the commissioner. It did not.