# IN THE SUPREME COURT OF IOWA

No. 152 / 06–1012

Filed June 27, 2008

**GRINNELL COLLEGE** and the **CINCINNATI INSURANCE COMPANIES**,

Appellants,

vs.

**RON OSBORN**,

Appellee.

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.

Employer appeals entry of judgment on workers' compensation award and denial of interlocutory motion for stay. **AFFIRMED.**

David L. Jenkins of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellants.

Paul J. McAndrew, Jr. of Paul McAndrew Law Firm, Coralville, for appellee.

**CADY, Justice.**

In this appeal, we review a decision by the district court to enter judgment on an award of benefits by the worker's compensation commissioner during the pendency of a petition for judicial review and to deny a motion to stay execution or enforcement of the award. On our review, we affirm the decision of the district court.

## I.  Background Facts and Proceedings.

Following a hearing before a deputy industrial commissioner, the worker's compensation commissioner on review determined Ron Osborn sustained injuries arising out of and in the course of his employment with Grinnell College. The commissioner entered a decision awarding Osborn weekly benefits based on a permanent total disability. Grinnell College and its insurer filed a petition for judicial review.[1] During the pendency of judicial review, Osborn requested the district court to enter judgment on the worker's compensation decision. Grinnell College resisted Osborn's request and contemporaneously filed a motion with the district court to stay enforcement of the commissioner's decision. The district court entered judgment on the award and denied the motion to stay. The judgment was in the amount of $141,589.50, representing accrued benefits, medical expenses, and interest. Grinnell College appealed from the judgment entry and the denial of the stay.

During the pendency of this appeal, the district court proceeded to determine the merits of the petition for judicial review. It ultimately affirmed the decision of the workers' compensation commissioner, and Grinnell College separately appealed from that decision. The district

---

[1]Grinnell College was insured by Cincinnati Insurance Company, who is also a party to this appeal. All references to Grinnell College will implicitly refer to its insurer as well.

court then stayed execution or enforcement of the judgment during the pendency of the appeal after Grinnell College filed a supersedeas bond.

In this appeal, Grinnell College claims the district court erred in converting the workers' compensation decision into a judgment during the pendency of judicial review and in failing to stay enforcement of the commissioner's decision. Osborn claims the final judgment subsequently entered on judicial review and the stay entered after the appeal of the judicial-review decision render the issues presented in this appeal moot. Thus, before we consider the merits of the issues raised by Grinnell College, we must decide if they are no longer justiciable.

## II. Standard of Review.

We review the district court's decision to enter judgment on the workers' compensation award for errors at law. Iowa R. App. P. 6.4. Iowa Code section 17A.19(5) "plainly makes the issuance of [a] stay discretionary." *Teleconnect Co. v. Iowa State Commerce Comm'n*, 366 N.W.2d 511, 513 (Iowa 1985). For that reason, review of the district court's decision whether to stay agency action under section 17A.19(5) is for abuse of discretion. *Id.*; *see also Glowacki v. State Bd. of Med. Exam'rs*, 501 N.W.2d 539, 541 (Iowa 1993).

## III. Justiciability.

The two intertwined issues raised by Grinnell College in this appeal are whether the district court erred in entering judgment after a petition for judicial review had been filed and whether the district court abused its discretion by refusing to grant a stay of execution or enforcement of the commissioner's award of benefits during the pendency of the judicial review. Ultimately, these two issues require us to consider the interaction of Iowa Code sections 17A.19(5) and 86.42. Before we

address these two sections, however, we must consider the preliminary question of whether the issues presented are justiciable.

"One familiar principle of judicial restraint is that courts do not decide cases when the underlying controversy is moot." *Rhiner v. State*, 703 N.W.2d 174, 176 (Iowa 2005); *see also, e.g., Lalla v. Gilroy*, 369 N.W.2d 431, 434 (Iowa 1985) ("A live dispute must ordinarily exist before a court will engage in an interpretation of the law."). " '[O]ur test of mootness is whether an opinion would be of force or effect in the underlying controversy.' " *Iowa Mut. Ins. Co. v. McCarthy*, 572 N.W.2d 537, 540 (Iowa 1997) (quoting *Wengert v. Branstad*, 474 N.W.2d 576, 578 (Iowa 1991)). "In other words, will our decision in this case 'have any practical legal effect upon an existing controversy?' " *Id.* (quoting 5 Am. Jur. 2d *Appellate Review* § 642, at 321 (1995)).

In this case, the district court ultimately affirmed the workers' compensation commissioner on judicial review and entered a stay of enforcement of the decision during the pendency of the appeal. *See* Iowa R. App. P. 6.7. Thus, the prior actions of the district court, which are the subject of this appeal, no longer have any direct consequences on the parties. Accordingly, the issues raised by Grinnell College are moot.

Nevertheless, we will consider moot issues on appeal under certain circumstances. *State v. Hernandez-Lopez*, 639 N.W.2d 226, 235 (Iowa 2002). In determining whether or not we should review a moot action, we consider four factors:

> (1) the private or public nature of the issue; (2) the desirability of an authoritative adjudication to guide public officials in their future conduct; (3) the likelihood of the recurrence of the issue; and (4) the likelihood the issue will recur yet evade appellate review.

*Id.* at 234.

While this appeal is a purely private action, the issues presented currently lack authoritative adjudication. Additionally, the broader question of how the statutory procedure to transform an award of benefits following a decision of the workers' compensation commissioner into a judgment interacts with the statutory procedure to request a stay during the pendency of an action for judicial review of a decision of the workers' compensation commissioner is substantial and will likely reoccur. Considering the respective timelines of the appellate and judicial review processes, employers will likely continue to appeal adverse judicial review decisions and post the required supersedeas bond before our appellate courts can decide the separate appeal of a denial of a section 17A.19(5) stay or the grant of a section 86.42 request to enter judgment. Enforcement will be stayed under our rules of appellate procedure, mooting any appeal of a district court's decision under either section 17A.19(5) or section 86.42 and ensuring the question will continue to evade review. Consequently, the issues presented by this appeal fall neatly under the exception to our mootness doctrine, and we consider them now.[2]

## IV. Stay of Judgment During Judicial Review.

Grinnell College asserts the district court erred in entering judgment and in denying its motion to stay the decision of the workers'

---

[2]We also recognize that Grinnell College appeals not only from the judgment entered on the award by the commissioner, but also from the denial of the stay. Osborn makes no claim that Grinnell College may not appeal from the judgment, but a question is raised whether the separate decision to deny the stay was an interlocutory decision and not appealable as a matter of right. Nevertheless, we may grant permission for an interlocutory appeal under rule of appellate procedure 6.2(1). Having determined we should consider the appeal under the exception to the mootness doctrine, we also conclude we should now consider the stay issue in the interest of sound and effective administration of justice. *Buechel v. Five Star Quality Care, Inc.*, 745 N.W.2d 732, 735–36 (Iowa 2008).

compensation commissioner during judicial review. It claims the actions by the district court not only defeated its statutory right to judicial review, but also violated its due process rights under the state and federal constitutions. The basis of the claims by Grinnell College is derived from its argument that it is unfair to be required to pay an award of benefits by the workers' compensation commissioner before the district court has had an opportunity to review the award on judicial review.

We acknowledge that the execution of a judgment entered in a workers' compensation proceeding under section 86.42 during the pendency of judicial review can present many subsequent problems for the parties if the district court ultimately reverses the decision of the commissioner. The specific problem identified by Grinnell College in this case is an employer may not be able to recover the payment made on the judgment in the event the employer is successful in reversing or modifying the decision on judicial review. Grinnell College asserts this problem could ultimately undermine the very objective and purpose of judicial review in workers' compensation proceedings.

We begin our analysis of the issue by considering a fundamental proposition of workers' compensation law. The Workers' Compensation Act was enacted nearly a century ago to benefit workers and compensate them for industrial disabilities. *Pribyl v. Standard Elec. Co.*, 246 Iowa 333, 343, 67 N.W.2d 438, 444 (1954). The process sought to establish an administrative tribunal that would provide for the prompt and efficient determination and award of compensation to injured workers. *Nash v. Citizens Coal Co.*, 224 Iowa 1088, 1092, 277 N.W. 728, 730 (1938). Yet, in doing so, our legislature recognized an award of benefits to a worker by such a tribunal was not a personal judgment that would

allow a worker to collect the award when not voluntarily paid by the employer. Consequently, a summary method was established under the statute to convert an award by the workers' compensation commissioner into a district court judgment or decree. *See Elk River Coal & Lumber Co. v. Funk*, 222 Iowa 1222, 1235, 271 N.W. 204, 211 (1937). This summary method was part of the original act and is now found in Iowa Code section 86.42. *See* 1913 Iowa Acts ch. 147, § 34.

Section 86.42 requires the district court to enter judgment on any order or decision of the workers' compensation commissioner as long as, among other conditions not relevant to this case, no timely petition for judicial review has been filed or no stay has been entered pursuant to section 17A.19(5) when a petition for judicial review has been timely filed. Once entered, the judgment "has the same effect and in all proceedings in relation thereto is the same as though rendered in a suit duly heard and determined by the court." Iowa Code § 86.42 (2005).

We have interpreted section 86.42 to provide "a summary method . . . for converting the decision of the commissioner into the form of a judgment or decree by transcribing the proceedings to the district court." *Elk River Coal & Lumber Co.*, 222 Iowa at 1235, 271 N.W. at 211. The transcription facilitates "collection by legal process of the amount already legally ascertained to be due." *Rathamel v. Harvey*, 679 N.W.2d 626, 629 (Iowa 2004). Consequently, the court's role in the process is ministerial and is limited to entering a judgment in conformance with the award. *Id.* at 628. This statutory scheme reveals that the district court did not err in converting the decision into a judgment in this case. No stay had been entered at the time the request was made, and the relevant conditions to enter the judgment had been satisfied.

While our workers' compensation statute allows the district court to convert an award of benefits into a judgment, it also provides for judicial review of decisions by the worker's compensation commissioner. Iowa Code § 86.26. This process is implemented by a separate legislative scheme available for all administrative agency action. *Id.* (referencing Iowa Code ch. 17A). Under the Iowa Administrative Procedure Act, a process exists for a petitioner to obtain a stay of execution or enforcement of the agency action during the pendency of judicial review. *Id.* § 17A.19(5). As applied to judicial review of decisions by the workers' compensation commissioner, only the district court is authorized to grant or deny stays once a petition for judicial review has been filed. *See id.* § 86.26. The parties are not permitted to seek a stay from the workers' compensation commissioner once a petition for judicial review has been filed. *Id.*

Under section 17A.19(5), four factors are required to be considered before entering a stay. This approach means a petition for judicial review does not automatically stay the action of the workers' compensation commissioner. *See id.* § 17A.19(5) ("The filing of the petition for review does not itself stay execution or enforcement of any agency action."). Likewise, an award of benefits by the commissioner can be converted into a judgment under section 86.42 even when a petition for judicial review has been filed as long as the district court has not entered a stay. Thus, the collection of workers' compensation benefits and the pursuit of judicial review coexist under the statute, and judicial review does not itself stay the right to collect an award unless the district court affirmatively concludes otherwise. Yet, the present compatibility between these statutes has not always existed.

When the Iowa Administrative Procedure Act was enacted in 1974, the legislature also amended section 86.42. 1974 Iowa Acts ch. 1090, § 53. The amendments provided that a judgment converted from an award by the workers' compensation commissioner had the force of a district court judgment only "in the absence of a petition for judicial review of the decision of the industrial commissioner." *Id.* Thus, section 17A.19(5) rejected the concept that judicial review automatically stayed enforcement of a judgment, while section 86.42 endorsed the concept that judicial review stayed enforcement. Three years later, the legislature addressed this apparent conflict. Section 86.42 was amended to allow the commissioner's decision to be converted into a decree or judgment "in the absence of a petition for judicial review or if judicial review has been commenced, in the absence of a stay of execution or enforcement." 1977 Iowa Acts ch. 51, § 20. This change clarified two principles. First, the legislature did not want the filing of a petition for judicial review to automatically stay enforcement of a judgment in a workers' compensation proceeding. Second, a stay in a workers' compensation proceeding could only be entered under the same guidelines governing a stay of other agency action. Consequently, this history undermines the claim made by Grinnell College that stays during judicial review of workers' compensation actions must be entered under different standards than stays entered in other agency action, and that stays of worker's compensation awards should be entered as a matter of course to maintain the status quo during judicial review. Thus, we turn to section 17A.19(5) to consider the four factors governing the grant of a stay and how they apply to workers' compensation proceedings.

The four factors enumerated in section 17A.19(5) are largely derived from factors developed under federal law for the issuance of a

stay of agency action. *See Teleconnect Co.*, 366 N.W.2d at 513–14 (explaining derivation of our four-factor analysis from the federal analysis). Although we have applied these factors in the past, we have had little occasion to elaborate on their meaning, especially in judicial review of agency action involving workers' compensation decisions. Their meaning, however, is important considering the crucial role they play in deciding whether a stay is entered.

The first factor considers the "extent" the applicant for the stay "is likely to prevail when the court finally disposes of the matter." Iowa Code § 17A.19(5)(*c*)(1). This factor does not describe the degree of likelihood of prevailing, but only requires the court to consider and balance the extent or range of the likelihood of success. *See generally* John W. Gotanda, *Emerging Standards for Issuing Appellate Stays*, 45 Baylor L. Rev. 809 (1993). Thus, the degree of likelihood of success required to be shown to obtain a stay will necessarily vary with the assessment of the other three factors. *Mohammed v. Reno*, 309 F.3d 95, 101 (3d Cir. 2002). A stay can be granted "where the likelihood of success is not high but the balance of hardships favors the applicant." *Id.* In other words, more of one factor excuses less of another factor. *Id.*

The second factor considers the extent the employer "will suffer irreparable injury" if a stay is not entered. Iowa Code § 17A.19(5)(*c*)(2). As applied to workers' compensation proceedings, this factor must recognize that an employer has no means to obtain a stay by posting a bond during the pendency of judicial review, as the employer does in an appeal from a final decision by the district court on judicial review.[3] *See*

---

[3]Iowa Code section 626.58 also provides for a temporary stay of execution on any judgment for any party who can "procure one or more sufficient freehold sureties to enter a bond." This presumably includes a judgment entered pursuant to section 86.42. However, such a stay waives the right to appeal. Iowa Code § 626.60.

Iowa R. App. P. 6.7 (providing for stay of civil proceedings on appeal by posting of a supersedeas bond). Thus, the request for a stay by an employer can be a critical component in a judicial review proceeding when the employee converts an award into a judgment. Additionally, payment on a judgment by an employer during the pendency of judicial review can give rise to problems if the district court ultimately decides to reduce or reverse the reward. In this case, Grinnell College primarily points to the legal and practical impediments to recovering overpayments if successful on judicial review and asserts these impediments reveal that stays should ordinarily be granted. *See* Iowa Code § 85.34(5) (limiting recovery of overpayment of workers' compensation benefits). Osborn asserts such impediments do not rise to the level of "irreparable injury."

We have recognized loss of revenue, even if substantial, "does not amount to irreparable damage" to support a stay of agency action pending judicial review. *Teleconnect Co.*, 366 N.W.2d at 514. Yet, this rule is a general statement of the law and recognizes that extreme circumstances of financial loss, even if recoverable, could amount to irreparable injury. *See Wisconsin Gas Co. v. Fed. Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985). Moreover, this general rule is largely premised on the principle that adequate compensation or corrective relief ultimately would be available if judicial review were successful, even though revenue may be lost in the short term in the absence of a stay. *See Virginia Petroleum Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958). If the absence of a stay would deprive an employer of the ability to obtain relief if successful at the conclusion of judicial review, then irreparable injury could be shown. The loss-of-revenue rule was never meant to render judicial review meaningless. Instead, the irreparable-injury factor was meant to impose

a strong showing on the applicant. Importantly, it requires the district court to first determine if the injury is "irreparable" and then determine the "extent" of the "irreparable injury." In determining if the payment of a workers' compensation judgment during the pendency of judicial review would constitute irreparable injury, the court should consider such circumstances as the extent of the relief sought on judicial review, the amount of the judgment, and the amount of the judgment that will not be recovered if paid. Of course, the employer must also establish the irreparable injury is certain and actual, not theoretical. *Wisconsin Gas Co.*, 758 F.2d at 674. Mere allegations of "irreparable injury" have "no value since the court must decide whether the harm will *in fact* occur." *Id.*

The third factor requires the court to balance the extent that a stay would substantially harm the employee or another party to the proceeding. In the workers' compensation context, this factor mainly relates to the legislative purpose of workers' compensation to provide injured workers prompt benefits once the commissioner has found benefits are due. *Rivere v. Offshore Painting Contractors*, 872 F.2d 1187, 1190 (5th Cir. 1989) (discussing Congressional history of the Longshore and Harbor Workers' Compensation Act). Our legislature did not intend for the judicial-review process alone to justify delay in the payment of benefits awarded by the commissioner, *see* Iowa Code § 17A.19(5), but wanted the district court to consider how additional delay in payment of benefits as a result of judicial review would impact the worker. Thus, the court must consider circumstances such as the amount of time needed to complete judicial review and the financial needs of the injured worker during the pendency of judicial review.

The final factor considers the public's interest. This factor helps distinguish stays involving agency action from stays or injunctions involving purely private parties. *Rochester-Genesee Reg'l Transp. Auth. v. Bridgid Hynes-Cherin,* 506 F. Supp. 2d 207, 212–13 (W.D.N.Y. 2007). It means the interest of private litigants in agency action may need to ultimately yield to the greater public interest. *See Teleconnect Co.,* 366 N.W.2d at 513.

In applying these factors to this case, Grinnell College first argues the district court failed to properly consider its likelihood of prevailing on the merits. Grinnell College asserts the trial court erred when it heard and decided the motion for stay prior to the time the parties had an opportunity to define and brief the issues as a part of the judicial review proceedings.

This argument overlooks that the applicant for a stay during judicial review has the burden to establish the prerequisites for a stay and must submit evidence to the district court concerning all relevant statutory factors at a hearing. The argument also fails to consider the broad objective of workers' compensation to provide prompt benefits to injured workers. Additionally, our legislature has decided that judicial review should not automatically delay the payment of benefits. Consequently, the stay process does not contemplate the court must delay consideration of a request for a stay until the merits of the petition for judicial review have been briefed and submitted to the district court for final decision. Instead, the district court must schedule a hearing on an application for a stay and promptly decide the request based on the evidence submitted by the parties relating to the four statutory elements, including the likelihood of prevailing on the merits on judicial review.

Grinnell College next argues that the district court failed to consider its evidence of "irreparable harm." It asserts that the difficulties of obtaining future reimbursement from Osborn, if Grinnell College were successful in reversing the award on judicial review, was supported by evidence that Osborn was no longer employed by Grinnell College at the time of judicial review. It claims this evidence means it will have no opportunity to seek reimbursement by means of a credit against any future benefits to Osborn under section 85.34(5).

We find it unnecessary to decide whether section 85.34(5) was intended to prevent an employer who has paid an award of weekly benefits converted into a judgment from seeking reimbursement from the employee if successful on judicial review.[4] Even if Grinnell College would be unable to recover accrued benefits paid to Osborn as a result of the judgment, it has failed in this case to present any evidence that would have allowed the district court to balance this circumstance with the other three factors. Instead, Grinnell College sought to obtain a stay based almost entirely on the inherent unfairness of satisfying a judgment prior to a final decision on judicial review. Regardless of the potential merit of this argument, it is not one our legislature has accepted. *See Rivere*, 872 F.2d at 1191 (discussing the statutory requirements under

---

[4]Iowa Code section 85.34(5) governs recovery of weekly benefits paid to an employee in excess of those required to be paid under the law. The workers' compensation commissioner in this case awarded Osborn forty-eight weeks of permanent partial disability from September 15, 1995, to August 15, 2000, and permanent total disability benefits of $322.49 each week beginning August 16, 2000. The amount of the judgment entered by the district court included $110,644.37 for past-due accrued disability benefits (less benefits previously paid), medical expenses of $45,561.37, and accrued interest.

We also find it unnecessary to decide if Iowa Code section 625A.15 applies to this case. Iowa Code section 625A.15 allows an appellate or district court to order "restoration of any part of the money or property that was taken from the appellant by means of a judgment or order" which has been reversed on appeal.

the Longshore and Harbor Workers' Compensation Act to obtain a stay of compensation awards pending an appeal despite persistent calls for Congress to change the strict requirements).

We conclude the district court did not abuse its discretion in denying the stay. The record supports the decision of the district court.

## V. Due Process and Equal Protection.

Grinnell College also argues its statutory and constitutional rights to due process and equal protection will be violated if it is forced to satisfy the workers' compensation commissioner's award before the judicial review and appeals processes have been completed. The record demonstrates none of these issues were preserved for our review.

"It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut,* 641 N.W.2d 532, 537 (Iowa 2002). "When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal." *Id.* These issues were not raised in Grinnell College's resistance to the judgment entry or its motion to stay. Further, the district court did not decide them in its ruling on the motion to stay, nor did it address them in the judgment entry. Finally, and fatally to our consideration of these issues, Grinnell College did not file a rule 1.904(2) motion to enlarge the findings or conclusions. As a consequence, the due process and equal protection claims are not preserved for our review.

## VI. Conclusion.

We affirm the decision of the district court.

**AFFIRMED.**

All justices concur except Baker, J., who takes no part.