# IN THE SUPREME COURT OF IOWA

No. 06–0799

Filed March 13, 2009

LARSON MANUFACTURING COMPANY, INC.,
and ATLANTIC MUTUAL COMPANIES,

    Appellants,

vs.

**JULIE THORSON,**

    Appellee.

---

Appeal from the Iowa District Court for Polk County, Carla T. Schemmel, Judge.

Employer and its workers' compensation carrier appeal from the district court's decision denying a stay of the enforcement of a judgment. **AFFIRMED.**

Jeffrey W. Lanz of Huber, Book, Cortese, Happe & Lanz, P.L.C., West Des Moines, for appellants.

Mark S. Soldat of Soldat & Parrish-Sams, P.L.C., West Des Moines, for appellee.

**PER CURIAM**.

This is our third occasion to consider a dispute in a workers' compensation case involving a cumulative injury claim asserted by Julie Thorson against her employer, Larson Manufacturing, Inc., and its workers' compensation insurance carrier, Atlantic Mutual.[1] In *Thorson v. Larson Mfg., Inc.*, 682 N.W.2d 448 (Iowa 2004) (*Thorson I*), we reversed the Iowa workers' compensation commissioner's ruling that excluded a medical opinion offered by Thorson, and remanded to the agency for further proceedings. The commissioner's remand decision awarded benefits to Thorson, and Larson sought judicial review.[2] During the pendency of the judicial review proceedings in the district court, Thorson filed a motion for entry of a judgment on the workers' compensation award under Iowa Code section 86.42 (2005). Larson resisted the motion and requested a stay of execution on any judgment entered, contending Thorson should not be permitted to enforce the workers' compensation award until after judicial review of the commissioner's decision was concluded. After a hearing, the district court entered judgment and denied Larson's request for a stay. Larson filed a notice of appeal from the judgment, and posted a supersedeas bond.

Larson contends the district court erred in failing to stay the enforcement of Thorson's judgment pending completion of the judicial review of the commissioner's remand decision. First, Larson asserts the district court erred in failing to consider the likelihood that the alleged

---

[1]In the interest of brevity, references to "Larson" in this opinion shall refer to both Larson and Atlantic Mutual.

[2]We recently affirmed in part and reversed in part the commissioner's remand decision. *See Larson Mfg., Inc. v. Thorson*, ____N.W.2d ____ (Iowa 2009) (*Thorson II*) (affirming all aspects of the commissioner's decision except the order requiring the employer to pay for more than one medical examination under Iowa Code section 85.39).

legal and factual errors made by the commissioner would be reversed in the separate judicial review proceeding that was pending in the district court at the time the stay was requested. We review the district court's ruling on the request for a stay under Iowa Code section 17A.19(5) for abuse of discretion. *Grinnell Coll. v. Osborn*, 751 N.W.2d 396, 398 (Iowa 2008). Our review of the record discloses the district court did balance the factors enumerated in section 17A.19(5), including the extent to which Larson was likely to prevail in the judicial review proceeding, in deciding to deny the stay. Our decision recent decision in *Thorson II*, ____ N.W.2d at ____ (Iowa 2009), reveals the district court's correct assessment of the insubstantial likelihood that Larson would prevail in the judicial review proceeding, and we find no abuse of discretion in the court's consideration and balancing of this factor.

Second, Larson claims the denial of the requested stay was erroneous because the district court failed to give proper weight to the irreparable injury Larson would suffer if it were required to satisfy the judgment in advance of any reversal of the commissioner's decision on judicial review. The notion of irreparable injury flowing from the denial of the stay is now entirely academic, as Larson filed a supersedeas bond in this appeal, and did not satisfy any part of the judgment before our decision in *Thorson II* resolved all issues raised in the judicial review proceeding.[3] "In general, an action is moot if it no longer presents a

---

[3]We recently considered the standard to be applied by the court when ruling on a request for a stay of execution or enforcement of a judgment based on a workers' compensation award while judicial review proceedings are pending. *See Grinnell Coll. v. Osborn*, 751 N.W.2d 396 (Iowa 2008). Notwithstanding our conclusion the issues raised in that case were moot, we decided them under an exception to the mootness doctrine for cases presenting issues that are likely to evade review. 751 N.W.2d at 399 (noting that controversies arising from the interplay between Iowa Code section 17A.19(5) and Iowa Code section 86.42 would continue to evade review in the absence of an authoritative adjudication by this court). Having addressed in *Osborn* the factors to be considered by the court in weighing the respective interests of the parties requesting

justiciable controversy because the issues involved have become academic or nonexistent." *Buchhop v. Gen. Growth Props. & Gen. Growth Mgmt. Corp.*, 235 N.W.2d 301, 302 (Iowa 1975). We decline to issue an opinion which would be of no force or effect on this issue in the underlying controversy.

Third, Larson claims it was deprived of a property interest without due process of law under the United States Constitution and the Iowa Constitution when the district court denied the stay. The essence of this claim is that the denial of a stay "rendered [Larson's] statutory right to judicial review of [the commissioner's remand decision] ineffective" because Larson would have been unable to recover from Thorson any amount paid to satisfy the judgment if the court on judicial review had reversed the commissioner's award of benefits. As we have already noted, Larson posted a supersedeas bond in this case, and we find no evidence in the record tending to establish Larson satisfied any part of the judgment before judicial review of the commissioner's remand decision was concluded by our decision in *Thorson II*. Accordingly, principles of judicial restraint supporting the mootness doctrine lead us to refrain from deciding this issue as well.

**AFFIRMED.**

All justices concur except Wiggins and Baker, JJ., who take no part.

This opinion is not to be published.

---

and opposing a stay, we find no compelling reason to apply the exception to the mootness doctrine in this case.