**IN THE COURT OF APPEALS OF IOWA**

No. 14-0801
Filed July 22, 2015

**SHELLY PARSON,**
       Petitioner-Appellee,

**vs.**

**JASON PARSON,**
       Respondent-Appellant.
_____

       Appeal from the Iowa District Court for Chickasaw County, George L.

Stigler, Judge.


       A husband appeals the court's issuance of a protective order and its

decision to place the parties' child in the mother's temporary physical care.

**APPEAL DISMISSED.**


       Judith O'Donohoe of Elwood, O'Donohoe, Braun & White, L.L.P., Charles

City, for appellant.

       Kristy B. Arzberger of Arzberger Law Office, Mason City, for appellee.


       Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**MULLINS, J.**

Jason Parson appeals the court's issuance of a protective order that prohibited him from having contact with his wife, Shelly Parson, and also temporarily placed the parties' child in Shelly's physical care subject to Jason's visitation. He claims Shelly's petition failed to allege he had ever thrown things at Shelly and the evidence failed to demonstrate the specifics of any such incidents. He claims the evidence does not support a finding of domestic abuse or that there was any present danger to Shelly. He also claims the court erred in awarding Shelly temporary physical care.

Shelly filed a petition for relief from domestic abuse on April 9, 2014. The matter went to hearing on April 15, 2014, and the court issued the final domestic abuse protective order the same day. The order provided that it would remain in effect until April 15, 2015, unless modified, terminated, extended, or suspended. While the order was modified permitting Jason to occupy the family home and adjusting the timing of the mid-week visitation, the order was not extended beyond April 15, 2015. The protective order has now expired.

Our courts will not consider an action if it no longer presents a justiciable controversy. *Crowell v. State Pub. Defender*, 845 N.W.2d 676, 681 (Iowa 2014) ("If an appeal no longer presents a justiciable controversy because the disputed issue has become academic or nonexistent, the appeal is ordinarily deemed moot."). "[O]ur test of mootness is whether an opinion would be of force or effect in the underlying controversy. In other words, will our decision in this case have any practical legal effect upon an existing controversy?" *Grinnell Coll. v. Osborn*,

751 N.W.2d 396, 398–99 (Iowa 2008) (internal citations and quotation marks omitted). Because the decision of the district court to issue the protective order no longer has any direct consequences for the parties, the appeal is moot. We have considered the exception to the mootness doctrine and have determined it does not apply in this case. *See In re Guardianship of Kennedy*, 845 N.W.2d 707, 711 (Iowa 2014) (articulating the four-part test courts use to determine whether to apply the exception to the mootness doctrine: "(1) the private or public nature of the issue; (2) the desirability of an authoritative adjudication to guide public officials in their future conduct; (3) the likelihood of the recurrence of the issue; and (4) the likelihood the issue will recur yet evade appellate review"). The appeal is therefore dismissed.

**APPEAL DISMISSED.**