# IN THE COURT OF APPEALS OF IOWA

No. 17-0223
Filed February 21, 2018

**HEATHER LUMAN,**
     Petitioner-Appellee,

**vs.**

**JAMES CARRELL LUMAN II,**
     Respondent-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Robert A. Hutchison, Judge.


James Carrell Luman II appeals from the district court's entry of a protective order prohibiting him from having contact with his wife. **APPEAL DISMISSED.**


Lisa M. Noble of Noble Law Office, Des Moines, for appellant.

Heather Luman, Ankeny, self-represented appellee.


Considered by Danilson, C.J., Doyle, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**DANILSON, Chief Judge.**

James Carrell Luman II appeals from the district court's entry of a protective order pursuant to Iowa Code 236.5 (2017) prohibiting him from having contact with his wife. Luman asserts the district court erred in a number of ways including admitting exhibits over Luman's objections, considering his wife's inconsistent testimony, considering events occurring outside the State of Iowa, improperly applying the law of Iowa Code chapter 236, failing to consider Luman's rebuttal evidence, and admonishing counsel for taking more time than allotted for the hearing. The protective order remained in effect from the date of its issuance on January 24, 2017, to January 23, 2018.[1]

"A case is moot if it no longer presents a justiciable controversy because the issues involved are academic or nonexistent." *Homan v. Branstad*, 864 N.W.2d 321, 328 (Iowa 2015) (citation omitted). "Our test is whether an opinion would be of force and effect with regard to the underlying controversy." *Id.* (citation omitted). "In other words, will our decision in this case 'have any practical legal effect upon an existing controversy?'" *Grinnell College v. Osborn*, 751 N.W.2d 396, 399 (Iowa 2008) (citations omitted).

---

[1] Our review of Iowa Courts Online reflects the protective order has not been extended.

> Judicial notice may be taken on appeal. *See* Iowa R. Evid. 5.201(f) ("Judicial notice may be taken at any stage of the proceeding."); *State v. Sorensen*, 436 N.W.2d 358, 363 (Iowa 1989) (taking judicial notice on appeal). The rule permits a court to take judicial notice of adjudicative facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Iowa R. Evid. 5.201(a)-(b).

*State v. Washington*, 832 N.W.2d 650, 655 (Iowa 2013). The filing information contained on Iowa Courts Online provides adjudicative facts, the accuracy of which cannot be reasonably be questioned.

Because the protective order is no longer in effect, it no longer has any direct consequences for the parties, and our decision in this case will have no practical legal effect. *See Parson v. Parson*, No. 14-0801, 2015 WL 4486341, at *1 (Iowa Ct. App. July 22, 2015). Thus, the appeal is dismissed as moot.[2]

**APPEAL DISMISSED.**

---

[2] We have considered the exceptions to the mootness doctrine and determine they do not apply in this case. *See In re B.B.*, 826 N.W.2d 425, 428-29 (Iowa 2013) ("We will generally not review moot issues, but our caselaw and that of other jurisdictions recognize exceptions. Relevant to this appeal, one exception permits appellate review of otherwise moot issues when the issue is one of broad public importance likely to recur. Another exception provides that an appeal is not moot if a judgment left standing will cause the appellate to suffer continuing adverse collateral consequences.").