# IN THE COURT OF APPEALS OF IOWA

No. 22-0257
Filed March 8, 2023

**R.M.,**
        Plaintiff-Appellee,

**vs.**

**D.S.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Buchanan County, Linnea M.N.

Nicol, District Associate Judge.


        D.S. appeals the juvenile court's extension of a protective order under Iowa

Code chapter 236A (2021). **APPEAL DISMISSED.**


        Nina Forcier of Forcier Law Office, PLLC, Waterloo, for appellant.

        Sonci Kingery of Iowa Coalition Against Sexual Assault, Des Moines, for

appellee.


        Heard by Tabor, P.J., and Schumacher and Ahlers, JJ.

**TABOR, Presiding Judge.**

D.S. appeals the juvenile court's extension of a protective order for relief from sexual abuse under Iowa Code chapter 236A (2021).[1] He contends the court erred in extending the order after its one-year duration had ended. And he also denies that he continued to pose a threat to the protected party.

The court first entered a one-year protective order on October 13, 2020. In short, the court found D.S. committed third-degree sexual abuse against H.M., R.M.'s daughter. *See* Iowa Code § 709.4(1)(a). Our court affirmed on appeal. *See R.M. v. D.S.*, No. 20-1375, 2021 WL 4592262, at *1 (Iowa Ct. App. Oct. 6, 2021). The supreme court denied further review. And procedendo issued on November 30, 2021.

Meanwhile, the protective order was set to expire on October 13, 2021. So R.M. moved to extend on September 30, 2021. The court entered a temporary order extending the no-contact order until the extension hearing could be held. D.S. resisted the motion to extend, arguing procedendo had not yet issued so the district court lacked jurisdiction to enter further orders in the case. D.S. also argued the court lacked authority to issue the temporary extension.

About two weeks after procedendo issued, on December 13, 2021, the juvenile court held the extension hearing. On January 10, 2022, the court granted the extension with an expiration date of January 10, 2023. The court found that D.S. "continues to pose a threat to the safety" of H.M. Iowa Code § 236A.7(2). D.S. appealed, and our court set the case for oral argument January 11, 2023—

---

[1] Because D.S. was a minor, the district court waived jurisdiction to the juvenile court. *See* Iowa Code § 236A.3(4) (2020).

one day after the extended order expired. At oral argument, the parties disclosed that R.M. had not sought a second extension. *See Riley Drive Ent. I, Inc. v. Reynolds*, 970 N.W.2d 289, 296 (Iowa 2022) (reiterating that appellate courts may consider matters "technically outside the district court record" in determining mootness). So we asked for further briefing on whether the appeal is moot.

A case is moot if it no longer presents a controversy subject to judicial determination because "the issues involved are academic or nonexistent." *Vroegh v. Iowa Dep't of Corr.*, 972 N.W.2d 686, 705 (Iowa 2022) (citation omitted). We ask whether our opinion will "have any practical legal effect upon an existing controversy." *Grinnell College v. Osborn*, 751 N.W.2d 396, 399 (Iowa 2008) (citation omitted).

In his supplemental briefing, D.S. contends the appeal is not moot because an ongoing controversy exists on whether he continues to pose a threat to H.M. But the protective order is not in effect, so that finding no longer has direct consequences for the parties. *Cf. Luman v. Luman*, No. 17-0223, 2018 WL 1099198, at *1 (Iowa Ct. App. Feb. 21, 2018) (dismissing chapter 236 appeal as moot). Thus, our opinion would have no practical legal impact.

Short of direct consequences, D.S. insists the juvenile court's finding of a continued threat has collateral consequences.[2] True, in some contexts, the threat of adverse collateral consequences provides an exception to the mootness doctrine. *See In re B.B.*, 826 N.W.2d 425, 429 (Iowa 2013) (involuntary

---

[2] D.S. ventures that the finding could prevent him from obtaining employment, a professional license, or admission to college. He also argues even if the record in this case is not available to the public, the label of sexual abuser "creates a stigma and harms his reputation."

commitment). But in this case, any collateral consequences exist because of the original protective order—which we upheld in the first appeal. So the mootness exception for collateral consequences is not a sound reason to decide this appeal challenging the extension of that original order.

We can hear a moot case if it meets the public-importance exception. *See Riley Drive Ent. I, Inc.*, 970 N.W.2d at 298. We consider "(1) the private or public nature of the issue; (2) the desirability of an authoritative adjudication to guide public officials in their future conduct; (3) the likelihood of the recurrence of the issue; and (4) the likelihood the issue will recur yet evade appellate review." *Id.* (citation omitted). D.S. urges us to find the matter is public in nature because it is before the courts and an authoritative adjudication would be helpful because there is little case law interpretating chapter 236A. D.S. also argues this issue is likely to recur and will evade appellate review because the protective orders are limited to one year in duration and these appeals are not expedited.

First, we have treated chapter 236 actions as private in nature and see no reason to take a different view of protective orders under chapter 236A. *See Burns-Rowe v. Rowe*, No. 07-1095, 2008 WL 2902186, at *2 (Iowa Ct. App. July 30, 2008); *R.M.*, 2021 WL 4592262, at *3 (collecting cases). We agree that because chapter 236A is relatively new, we have few cases interpreting it. *A.N. v. J.G.*, No. 19-0634, 2020 WL 2061881, at *2 (Iowa Ct. App. Apr. 29, 2020). But, on the sufficiency-of-the-evidence question, an adjudication on these specific facts will do little to guide future conduct. *See Burns-Rowe*, 2008 WL 2902186, at *2.

Granted, the temporary extension is a different story. We can see how the bench and bar would benefit from guidance on that issue. But we believe that an

appellate court can provide that guidance in a case where the issue is not academic. In other words, while this scenario may recur,[3] we cannot say it will evade review.[4] *See id.* All in all, having considered the four factors, we find they do not warrant hearing the appeal as a public-importance exception to mootness. Thus, we dismiss the appeal.

**APPEAL DISMISSED.**

---

[3] As R.M. points out, this case featured an unusual confluence of circumstances leading to the temporary extension: the initial order had a lengthy appeal because it was set for oral argument; D.S. requested further review delaying procedendo; and R.M. needed an extension for briefing.

[4] Our court has heard and decided the merits of other chapter 236A appeals. *See, e.g., K.C. v. T.D.L.*, No. 21-1913, 2022 WL 16985442, at *1 (Iowa Ct. App. Nov. 17, 2022); *J.F. v. K.M.*, No. 21-1464, 2022 WL 2154824, at *1 (Iowa Ct. App. June 15, 2022); *N.H. v. L.W.*, No. 20-0872, 2021 WL 2137684, at *1 (Iowa Ct. App. May 26, 2021); *A.N. v. J.G.*, No. 19-0634, 2020 WL 2061881, at *1; *T.D. v. J.P.*, No. 19-0607, 2020 WL 1548516, at *1 (Iowa Ct. App. Apr. 1, 2020).