# IN THE COURT OF APPEALS OF IOWA

No. 22-2067
Filed January 10, 2024

**SHIRLEY MAE McGUIRE,**
    Plaintiff-Appellee,

**vs.**

**GEORGE THOMAS McGUIRE,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Story County, John R. Flynn, Judge.

George McGuire appeals the extension of a protective order. **APPEAL DISMISSED.**

Jack Bjornstad of Jack Bjornstad Law Office, Spirit Lake, and Michael Lewis of Lewis Law Firm, P.C., Cambridge, for appellant.

Tracy A. Eaton of Miller, Zimmerman & Evans, PLC, Des Moines, for appellee.

Considered by Tabor, P.J., Buller, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**GAMBLE, Senior Judge.**

George McGuire appeals the court's extension of a protective order in favor of Shirley McGuire. He claims there is no evidence showing he engaged in conduct that could be objectively deemed a continuing threat to Shirley.

On June 1, 2021, Shirley filed a petition for relief from domestic abuse under Iowa Code section 236.3 (2021). The court issued a temporary protective order the same day. In September, George waived a hearing and consented to entry of a one-year protective order with Shirley. One year later, Shirley filed a request to extend the protective order for another year, which George resisted. After a hearing on October 3, 2022, the court found Shirley presented credible evidence that George continues to pose a threat to her safety and extended the order for one year. George filed a motion to reconsider, enlarge, or amend, asserting he had not contacted or threatened violence against Shirley since the protective order had been entered, so there was no basis for the extension. The court denied his motion, and George appeals. The protective order has now expired.

"[A] court will generally decline to hear a case when, because of changed circumstances, the court's decision will no longer matter. This is known as the doctrine of mootness." *Homan v. Branstad*, 864 N.W.2d 321, 328 (Iowa 2015). We will dismiss a case as moot "if it no longer presents a justiciable controversy because the issues involved are academic or nonexistent." *Id.* (citation omitted). "Our test is whether an opinion would be of force and effect with regard to the underlying controversy." *Id.* (citation omitted). We consider four factors in determining whether an exception to mootness applies: "(1) the private or public nature of the issue; (2) the desirability of an authoritative adjudication to guide

public officials in their future conduct; (3) the likelihood of the recurrence of the issue; and (4) the likelihood the issue will recur yet evade appellate review." *Grinnell Coll. v. Osborn*, 751 N.W.2d 396, 399 (Iowa 2008) (citation omitted). Considering these mootness exceptions, we find they do not apply here. *Cf. In re B.B.*, 826 N.W.2d 425, 429 (Iowa 2013) (applying exceptions to mootness because involuntary commitment orders are "an issue of broad public importance capable of recurring, yet likely to evade appellate review" and finding the committed person "is presumed to suffer collateral consequences justifying appellate review").

The protective order is no longer in effect and poses no direct consequences for the parties. *See R.M. v. D.S.*, No. 22-0257, 2023 WL 2396417, at * (Iowa Ct. App. Mar. 8, 2023) (dismissing as moot a protective order which expired while pending before this court, noting it "no longer has direct consequences for the parties" and exceptions to mootness do not apply). Therefore, "our opinion would have no practical or legal impact." *Brown v. Brown*, No. 17-1316, 2018 WL 2175928, at *2 (Iowa Ct. App. Apr. 4, 2018) (dismissing as moot an appeal of a cancelled protective order); *see Luman v. Luman*, No. 17-0223, 2018 WL 1099198, at *1 (Iowa Ct. App. Feb. 21, 2018) (dismissing as moot an appeal of an expired protective order), *Parson v. Parson*, No. 14-0801, 2015 WL 4486341, at *1 (Iowa Ct. App. July 22, 2015) ("Because the decision of the district court to issue the [now-expired] protective order no longer has any direct consequences for the parties, the appeal is moot."). The appeal is therefore dismissed as moot.

**APPEAL DISMISSED.**