# IN THE COURT OF APPEALS OF IOWA

No. 23-1656
Filed September 18, 2024

**H.D. SUPPLY MANAGEMENT, INC. and NEW HAMPSHIRE INSURANCE COMPANY,**
    Petitioners-Appellees,

**vs.**

**KENNETH E. SMITH,**
    Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Scott J. Beattie, Judge.


        An injured employee appeals an interlocutory district court order staying enforcement of a workers' compensation award pending judicial review under Iowa Code section 17A.19(5) (2023) and refusing to enter judgment on the award under section 86.42. **APPEAL DISMISSED.**


        Nate Willems of Rush & Nicholson, P.L.C., Cedar Rapids, for appellant.

        Kathryn L. Hartnett of Prentiss Grant, LLC, Omaha, Nebraska, for appellees.


        Considered by Schumacher, P.J., and Ahlers and Langholz, JJ.

**LANGHOLZ, Judge.**

In this interlocutory appeal, the parties ask us to decide whether the district court correctly granted a stay of a workers' compensation award pending completion of a judicial-review proceeding that is now complete. And they want to know if the court properly refused to enter judgment on that award, which has now been reversed and remanded to the workers' compensation commissioner. But because the judicial-review proceeding has ended and the workers' compensation award has been reversed and remanded, this interlocutory appeal is moot. Any ruling would not affect either party. And this appeal does not satisfy the public-importance exception to mootness because deciding it would provide little additional guidance on the law governing stays and enforcement of workers' compensation awards during judicial-review proceedings. So we abide by our duty to refrain from answering moot questions and dismiss this appeal.

I.

In March 2023, the workers' compensation commissioner awarded Kenneth Smith benefits for an injury while working at H.D. Supply Management, Inc. The commissioner found that Smith suffered an unscheduled work-related injury to his shoulder and arm under Iowa Code section 85.34(2)(v) (2023) and that he was permanently and totally disabled. And so, the commissioner awarded Smith benefits of $487.87 to be paid weekly, beginning from the date of the injury. It also awarded penalty benefits of $19,000 because H.D. Supply and its insurer, New Hampshire Insurance Company, unreasonably denied Smith's claim for benefits.[1]

---

[1] The insurer, New Hampshire Insurance, is also a party to this proceeding. But for readability we will refer to both collectively as H.D. Supply.

And it ordered H.D. Supply to reimburse Smith for his medical expenses and mileage, the cost of the independent medical evaluation, and the costs of the arbitration proceeding and hearing transcript.

H.D. Supply petitioned for judicial review of the commissioner's award. Its two-page petition contained little explanation of its grounds for review aside from conclusory claims that the award was not supported by substantial evidence; was based on an irrational, illogical or wholly unjustifiable interpretation and application of law; and was otherwise unreasonable, arbitrary, capricious, or an abuse of discretion. *See* Iowa Code § 17A.19(10)(f), (*l*), (m), (n).

Thirty-three days later, Smith applied for entry of judgment on the award under Iowa Code section 86.42.[2] He argued that he was entitled to judgment because H.D. Supply did not post a bond within thirty days of filing its petition for judicial review to stay the award under Iowa Code section 86.26(2). *See* Iowa Code § 86.42 (authorizing judgment on presentment of "file-stamped copy of an order or decision of the commissioner . . . which has not had execution or enforcement stayed as provided in section 17A.19, subsection 5, or section 86.26, subsection 2"); *id.* § 86.26(2) (staying "execution or enforcement of a decision or order of the workers' compensation commissioner if the party seeking judicial review posts a bond securing any compensation awarded pursuant to the decision or order with the district court within thirty days of filing the petition"). Smith

---

[2] Effective July 1, 2023—after Smith filed his motion—section 86.42 was transferred to section 10A.330 without making any changes to its text as part of a government reorganization statute. *See* 2023 Iowa Acts, ch. 19, § 1477(1)(ab). The rest of chapter 86 was also transferred chapter 10A. *See id.* § 1477(1). To be consistent with the citations used by the district court and the parties on appeal, we continue to use the citations in effect at the time Smith filed his motion.

calculated the amount of weekly total disability benefits and interest that H.D. Supply still owed under the award as of the date of his application for entry of judgment. He also added in the penalty benefits and medical and litigation expenses he was awarded. He thus requested entry of judgment against H.D. Supply "in the total amount of $77,942.08 with interest continuing to accrue on unpaid permanent total disability benefits at 2.15%."

About three hours later, H.D. Supply moved to stay enforcement of the award under Iowa Code sections 86.26(2) or 17A.19(5). H.D. Supply conceded that it was three days late in posting bond under section 86.26(2), but asked for permission to do so "[i]n the interest of: judicial economy, having this case be heard by this Court on the merits, justice, and equity." Alternatively, H.D. Supply argued that a stay was appropriate under section 17A.19(5) because it was likely to prevail on the merits, it would suffer irreparable injury if Smith could not repay the award if the award is reversed after being paid, Smith would not be substantially harmed by delayed payment, and there is significant public interest in deciding the proper statutory interpretation.

The district court eventually heard argument on the dueling requests. But it did not receive any testimony or other evidence. Nor did it have the administrative record before the workers' compensation commissioner—that record was not filed by the commissioner until several months after the court ruled. *See generally id.* § 17A.19(6) (requiring the agency to "transmit to the reviewing court the original or a certified copy of the entire record of any contested case which may be the subject of the petition" for judicial review).

In September 2023, the court granted H.D Supply's motion to stay the award during the judicial-review proceeding under section 17A.19(5) and denied Smith's application to enter judgment on the award. The court reasoned:

> In this case, there is a likelihood that the Petitioner will prevail on the appeal. Furthermore, the Petitioner would suffer irreparable harm if the judgment were to be entered at this juncture because they would likely be unable to recuperate the award payment if they prevailed on appeal. The Respondent will also not be prejudiced in a stay because he would not have received judgment if the bond was posted and the Petitioners appear solvent and capable of paying an award at the appeal's conclusion. As such, the Court concludes that a stay under Iowa Code section 17A.19(5) is supported.

Smith then sought interlocutory review of the district court order. The supreme court granted his application and transferred the case to our court. In his appeal, Smith makes two main arguments that the district court abused its discretion in granting the stay. First, he argues that the court made its findings—especially on irreparable harm—without having any evidence on which to base them and thus improperly "listened to a mere allegation from an employer and adopted it." Second, he argues the court did not follow the governing precedent on considering stays pending judicial review of workers' compensation awards: *Grinnell College v. Osborn*, 751 N.W.2d 396 (Iowa 2008).

In most interlocutory appeals, proceedings in the district court would have stopped while this appellate process plays out. *See* Iowa R. App. P. 6.104(2) ("An order granting an appeal under this rule will stay further proceedings in the court below . . . ."). But here, the supreme court ordered that the district court could continue its "proceedings related to the petition for judicial review" so long as it did "not rule on any issues directly related to its" order granting the stay and denying

entry of judgment. And so, the district court proceedings on the merits of H.D. Supply's judicial-review petition continued on.

In April 2024, the district court ruled on the merits of H.D. Supply's petition. The court first held that Smith's arm injury and shoulder injury were both work-related—rejecting H.D. Supply's argument that the arm was "not injured due to the work injury, but as an incidental result of [Smith's] shoulder surgery." But the court still reversed and remanded the award back to the workers' compensation commissioner because the commissioner had awarded compensation for an unscheduled injury rather than as separate scheduled injuries. The court reasoned that Smith's injuries "are parallel to those in" a supreme court case decided a few weeks before its ruling, which held that arm and shoulder injuries should be compensated separately as scheduled injuries rather than as an unscheduled injury. *See Bridgestone Americas, Inc. v. Anderson*, 4 N.W.3d 676, 683 (Iowa 2024). So the court concluded that "[t]he commissioner should consider Smith's injuries consistent with the Iowa Supreme Court's *Bridgestone* decision."

Neither party appealed that district court order. And according to Smith's statement to us, which H.D. Supply does not dispute, as of August 2024, his case was still pending before the commissioner after the parties submitted additional briefing about "Smith's entitlement to permanent benefits consistent with *Bridgestone*."

We asked the parties for supplemental briefing to address the effect on this interlocutory appeal of the district court's ruling reversing and remanding the award. Both parties urged that it has no effect and this appeal is not moot. Smith also contends that even if it is moot, we should decide it under the public-

importance exception to mootness because whether injured workers should be paid "benefits which are not contested or disputed" during judicial-review proceedings "is a matter of public importance" and "likely to recur unless this Court requires a workers' compensation carrier to pay the injured workers the benefits which they have not contested on appeal."

## II.

"Courts exist to decide cases, not academic questions of law." *Riley Drive Ent. I, Inc. v. Reynolds*, 970 N.W.2d 289, 296 (Iowa 2022) (cleaned up). So as a matter of "judicial restraint," we generally "do not decide cases when the underlying controversy is moot." *Grinnell*, 751 N.W.2d at 398 (cleaned up). A dispute is moot when our decision would have no "force or effect in the underlying controversy." *Id.* (cleaned up). And a case can become moot while pending on appeal if "because of changed circumstances," our "decision will no longer matter." *Homan v. Branstad*, 864 N.W.2d 321, 328 (Iowa 2015). So we "may consider matters technically outside the district court record in determining a question of mootness." *Riley Drive*, 970 N.W.2d at 296.

Even when neither party contests mootness, "[i]t is our duty on our own motion to refrain from determining moot questions" unless the case fits within an exception to mootness. *Homan*, 864 N.W.2d at 328 (cleaned up). One such exception is the public-importance exception. *See Riley Drive*, 970 N.W.2d at 298. In deciding whether to apply the public-importance exception, we consider: "(1) the private or public nature of the issue; (2) the desirability of an authoritative adjudication to guide public officials in their future conduct; (3) the likelihood of the

reccurrence of the issue; and (4) the likelihood the issue will recur yet evade appellate review." *Id.* (cleaned up); *see also Grinnell*, 751 N.W.2d at 399.

This interlocutory appeal is moot. Nothing we might decide could affect anything because the judicial-review proceeding appealed from is already over and the award sought to be enforced has been reversed. *Cf. Grinnell*, 751 N.W.2d at 399 (holding that appeal of entry of judgment on workers' compensation award and denial of stay pending judicial review was moot after the judicial review proceeding concluded with affirmance of the award). Suppose we agreed with Smith that the district court should not have stayed the workers' compensation award while the judicial-review proceeding was pending and reversed that ruling. What relief would that give Smith? None. Even without any decision by our court, the stay already has no continuing effect because it only operated while the judicial-review proceeding was pending, and that proceeding has ended. And the stay prevented enforcement of an award that no longer exists now that the district court has reversed and remanded that award.

For the same reason, even if we were to hold that the district court should have entered judgment on that award back in September 2023, the court could not do so now. The award has been reversed and remanded. Smith's claims are now pending before the workers' compensation commissioner. And the district court lacks authority under section 86.42 to enforce a commissioner's award that no longer exists. *Accord* Iowa Code § 10A.330 (2024).

Smith contends that "[t]his case still presents a justiciable controversy," explaining "[t]he gist is the fact that aspects of the original agency decision which were not appealed by [H.D. Supply] result in monetary payments to [Smith], and

[H.D. Supply has] paid [Smith] nothing." And so, he argues for various alternative amounts that he believes he is still owed regardless of how the commissioner resolves the remaining disputes between the parties in a new award. But Smith misunderstands the issues that are before us in this appeal: dueling requests to stay or enforce a specific award that no longer exists. The district court's ruling on the judicial-review petition reversed and remanded the entire award back to the commissioner—the decretal language in its judgment ("IT IS THEREFORE ORDERED that [the] worker[s'] compensation commissioner's decision is REVERSED AND REMANDED") does not carve out any part of the award that was not reversed and remanded.

And whatever the merits of Smith's argument that he should be able to request entry of judgment for some portion of the award that was not disputed by H.D. Supply in its petition for judicial review, that is not the judgment that he requested in the district court. He sought entry of judgment for the total amount he calculated as being owed under the commissioner's award on the date of his application. And even if the award had not been reversed, he could not seek a different judgment for the first time on appeal from our court.[3]

Smith also argues that we should still decide this appeal under the public-importance exception to mootness. But the issue he suggests would warrant application of that exception—whether injured workers should be paid at least some "benefits which are not contested or disputed" during a judicial-review proceeding contesting other benefits—is not before us in this appeal. And while

---

[3] We have also considered H.D. Supply's single paragraph of argument that the appeal is not moot. It does not offer any other points that merit further discussion.

the issues he does properly raise in his original briefing may reoccur and evade appellate review, deciding them would provide little new guidance on any important issue. The supreme court has already exercised its discretion to give guidance on stays of workers' compensation awards under the public-importance exception to mootness in a similar case. *See Grinnell*, 751 N.W.2d at 399–404. Smith's argument on appeal is mainly that the district court failed to properly follow that case, especially the supreme court's admonitions that "the applicant for a stay during judicial review has the burden to establish the prerequisites for a stay and must submit evidence to the district court concerning all relevant statutory factors at a hearing" and that the court must "decide the request based on the evidence submitted by the parties." *Id.* at 403. We could thus decide this appeal without plowing new ground. And doing so would not give any significant guidance on these issues that would warrant an exception to mootness.[4]

Because this appeal is moot and the public-importance exception does not apply, we refrain from deciding its purely academic questions and dismiss it. Our dismissal does not disturb the district court's ruling on the petition for judicial review nor the case pending before the workers' compensation commissioner.

**APPEAL DISMISSED.**

---

[4] Before we could get to the merits, we would also have to address whether Smith preserved error in the district court even though he never cited *Grinnell* nor argued that there was an insufficient evidentiary record—in his written resistance, at the hearing, or in a reconsideration motion under Iowa Rule of Civil Procedure 1.904 after the ruling granting the stay. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").