# IN THE COURT OF APPEALS OF IOWA

No. 24-0608
Filed December 17, 2025

**EMILEE ANNE O'BRIEN,**
    Plaintiff-Appellee,

**vs.**

**JAMES JOSHUA YOUNG,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Karen A. Romano, Judge.

James Young appeals the district court's issuance of a protective order against him pursuant to Iowa Code chapter 236 (2024). **APPEAL DISMISSED.**

Cathleen J. Siebrecht of Siebrecht Law Firm, Pleasant Hill, for appellant.

Emilee O'Brien, self-represented appellee.

Considered without oral argument by Tabor, C.J., Ahlers, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**AHLERS, Judge.**

Emilee O'Brien filed this action against James Young seeking a domestic abuse protective order under Iowa Code chapter 236 (2024). Following a hearing, the district court issued the requested protective order. Young appeals. He contends the evidence is insufficient to support the court's decision to issue the order.

Before we can address the merits of Young's contention, we must first decide whether this appeal is moot due to expiration of the protective order. By its terms, that order expired March 14, 2025. An issue becomes moot if it no longer involves a controversy subject to judicial determination because "the issues involved are academic or nonexistent." *Vroegh v. Iowa Dep't of Corr.*, 972 N.W.2d 686, 705 (Iowa 2022) (citation omitted). If our opinion would not "have any practical legal effect upon an existing controversy," the issue is moot. *Grinnell Coll. v. Osborn*, 751 N.W.2d 396, 399 (Iowa 2008) (citation omitted).

Due to the apparent expiration of the order being challenged, we asked the parties for supplemental briefing on the question of mootness. Both parties filed supplemental briefs. Young's brief argued that two exceptions to the mootness doctrine—the collateral-consequences exception and the public-importance exception—should be applied to avoid dismissal on mootness grounds. We address each in turn.

An exception to the mootness doctrine "provides that an appeal is not moot if a judgment left standing will cause the appellant to suffer continuing adverse collateral consequences." *In re B.B.*, 826 N.W.2d 425, 429 (Iowa 2013). Young contends this exception applies because the expired order "will continue to affect

his personal and professional relationships and his mental and emotional health." He also points to the fact that he was assessed court costs as a collateral consequence.

As to Young's claim that his relationships and health are adversely affected, he provides no specifics. And we will not speculate as to such consequences. *See State v. Johnson*, No. 16-0976, 2017 WL 2684342, at *2–3 (Iowa Ct. App. June 21, 2017) (declining to apply the collateral-consequences exception when the claimed consequences are "pure conjecture" or "too attenuated and speculative").[1] Vague claims of harm to relationships or health do not persuade us to apply the exception. As to the claim of collateral consequences by being assessed court costs, courts do not "render decisions merely for the purpose of determining liability for costs." *State ex rel. Turner v. Buechele*, 236 N.W.2d 322, 325 (Iowa 1975). So, we decline to apply the collateral-consequences exception to the mootness doctrine here.

Young also seeks to invoke the public-importance exception to mootness. *Riley Drive Ent. I, Inc. v. Reynolds*, 970 N.W.2d 289, 298 (Iowa 2022). We consider four factors to determine whether to apply this exception: "(1) the private or public nature of the issue; (2) the desirability of an authoritative adjudication to guide public officials in their future conduct; (3) the likelihood of the recurrence of the issue; and (4) the likelihood the issue will recur yet evade appellate review."

---

[1] We recognize that our supreme court has applied the collateral-consequences exception by presuming adverse collateral consequences in an appeal from a mental-health commitment order. *See B.B.*, 826 N.W.2d at 431. But neither the supreme court nor our court has presumed such adverse collateral consequences in the context of chapter 236 protective orders, so we do not make such a presumption here.

*Id.* (citation omitted). The dispute here is of a private nature and ruling on the merits will provide little if any guidance to public officials, so the first two factors weigh against applying the exception. Given the fact-specific nature of the challenge here, there is little to no likelihood of recurrence of the issue, so the third factor also weighs against applying the exception. As to the fourth factor, the length of time to process an appeal poses a risk that appeals in this type of case may evade review. But, as our court has recognized, this risk can be reduced or avoided by requesting expedited briefing. *T.F. v. C.G.*, No. 23-1761, 2025 WL 412059, at *2 (Iowa Ct. App. Feb. 5, 2025). No such efforts to reduce or avoid this risk were made here. After weighing the four factors, we decline to apply the public-importance exception to the mootness doctrine.

As the order being challenged here has expired and no exceptions to the mootness doctrine apply, we dismiss Young's appeal as moot.

**APPEAL DISMISSED.**